THE PEOPLE *vs.* NOAH H. WARD.

An indictment, trial and acquittal for the *forgery* of a certificate of deposit of money in a bank, is no bar to a subsequent indictment for an attempt to obtain money from another bank, by color of a *forged letter* enclosing the certificate of deposit, and desiring the amount to be transmitted to the writer of the letter.

Evidence of the *confession* of a criminal, made to a magistrate previous to examination, on the declaration of the magistrate that it would be better for the accused to make a full confession, is not admissible.

· THE prisoner was indicted for an attempt to obtain money from the Farmers' Bank at Troy, by color of a *forged* letter purporting to be signed· by one S. S. Shepard, in which was enclosed a certificate of deposit of the Bank of Monroe for $1200. The guilt of the prisoner was established on the trial by proof of his *confession* made to a magistrate, who told him previous to its being made that it would be better for him to make a full confession ; which he accordingly made and subsequently repeated in the hearing of the magistrate and another person. It also appeared, that before the trial for this offence the prisoner had been tried for the *forgery* of the certificate of deposit and acquitted. The general sessions of Rensselaer county, before whom the trial was had, suspended the giving of judgment, and asked the advice of this court upon the following questions: 1. Is the indictment sustainable ? 2. Was the evidence of the confession to the magistrate properly received ?

*H. P. Hunt,* for the prisoner.

*J. C. Lansing,* (district attorney of Rensselaer county,) for the people.

*By the Court,* NELSON, J. The indictment is sufficient to charge the prisoner with the offence of an attempt, by " color of a false token or writing," fraudulently to obtain money from the Farmers' Bank, within the provisions of the statute, 2 R. S. 677, § 53; 698, §3. The previous indictment and acquittal for the alleged forgery of the certificate of deposit is no bar

NEW-YORK,
May, 1836.

to this indictment. The two offences were distinct; the counterfeit letter and use made of it, did not constitute a material ingredient in the crime of forgery. That depended upon the alteration of the certificate with the intent to defraud some person, which of itself constituted a crime. The offence alleged in this indictment was committed to carry into effect more successfully the other offence; but has no more necessary connexion with it, than the setting fire to a dwelling house for the purpose of the more effectually concealing the perpetration of a larceny has to the larceny itself.

The evidence of the confession made to the magistrate was inadmissible; the prisoner was influenced by the hope of favor held out to him by one of the conservators of the peace, who he might well suppose had the ability in some way to make good the opinion expressed. 1 *Chitty's Cr. L.* 68, 465.