## The People *v.* John McCloskey.

A conviction for petit larceny before a Court of Special Sessions, is no bar to a subsequent conviction for burglary, where the prisoner is charged with breaking and entering a building with the intent of stealing therein, though the intent charged relates to the same larceny for which he had previously been convicted.

In an indictment for burglary, the prisoner was charged with having broken and entered "the storehouse building of the Gulf Brewery, in which said storehouse building, goods, chattels, personal property, beer, ale and other valuable things were kept for use, sale and deposit, with intent," &c., &c. It was proved on the trial that the Gulf Brewery was a corporation occupying a room in the basement of the court house, which it had thus occupied for several years for storing beer, by the consent of those having the supervision

of the building, and that such room was separated from other rooms in the basement by partition walls with doors which were kept locked, the keys remaining in the possession of the agents of the corporation. The prisoner entered the basement through an open window into a hall occupied for public purposes, and thence entered the room, occupied by the Gulf Brewery, by breaking through the door. It was held that the proof sustained the indictment, that the room broken into was properly described as the storehouse building of the Gulf Brewery, and that the prisoner was guilty of burglary in the third degree.

THE defendant was indicted for burglary in the third degree, for breaking and entering, with felonious intent, a room in the basement of the court house in Utica, used by the "Gulf Brewery" for storing of beer. The entry into the basement was through an open window into a room used for county purposes, and thence into the room occupied by the "Gulf Brewery," by breaking a lock fastening and door leading from that room.. The prisoner had been convicted of petit larceny for stealing beer upon the occasion of the burglary, and this conviction was alleged in bar of the conviction for the higher offense. The prisoner was convicted of the burglary at the Oyer and Terminer, in Oneida county, in June, 1860, and the indictment and the bill of exceptions taken to the rulings and decisions of the court upon the trial, were removed to this court by *certiorari.*

*C. A. Mann,* for the defendant.

*H. T. Jenkins* (District Attorney), for the People.

ALLEN, J. The conviction for petit larceny before the Court of Special Sessions, constituted no bar to the indictment for burglary. The two crimes are entirely distinct. The court before which the first conviction was had, had no jurisdiction of the higher offense, and consequently a conviction or acquittal for the burglary would have been void as *coram non judice.* As the prisoner could not have been convicted of the burglary before the Court of Special Sessions, he cannot, upon being arraigned and tried upon an indictment,

in a court having jurisdiction, allege that he is "twice put in jeopardy for the same offense." Where the indictment is defective, the plea of *autrefois acquit* is no bar to a second indictment. (*People* v. *Barrett*, 1 *Johns. R.*, 66.) A portion of the court cannot hold pleas of the offense. A conviction or acquittal will be no bar to a second indictment. (1 *Russ. on Cr.*, 836.)

Again, the offenses are not the same. Upon evidence which would sustain the indictment for burglary, the prisoner must have been acquitted of the misdemeanor. Unless the first of two indictments is such that the prisoner might have been convicted by proof of the facts contained in the second, an acquittal or conviction on the first is no bar to the second. (*Commonwealth* v. *Roby*, 12 *Pick. R.*, 496; *Burns* v. *The People*, 1 *Park. Cr. R.*, 182.)

The offenses (petit larceny and burglary) are distinct in their legal character, and in no case could a party indicted for the first be convicted of the second. (1 *Russ. on Cr.*, 829.) The acquittal or conviction on an indictment, in order to be a good defense to a subsequent indictment, must be for the same identical offense charged in the second indictment. (1 *Russ on Cr.*, 836; 4 *Bl. Com.*, 336.)

The demurrer to the plea of former conviction for the same offense was properly allowed.

As the prisoner, after judgment upon the plea, elected to plead not guilty and go to trial upon that plea, the plea and demurrer and judgment thereon properly constituted no part of the record before us. But I have thought proper, nevertheless, to consider the question raised by the demurrer, and think it was properly disposed of by the Oyer and Terminer.

In the fifth count of the indictment, the prisoner is charged with having broken and entered "the storehouse building of the Gulf Brewery, in which said storehouse building, goods, chattels, personal property, beer, ale and other valuable things were kept for use, sale and deposit, with intent," &c. Upon the trial, the "Gulf Brewery" was proved to be a corporation, having its place of business at Utica, and the premises

broken into consisted of one or more rooms in the basement of the court house in Utica, which for several years had been, with the acquiescence and assent of those having the supervision of the building, occupied by the " Gulf Brewery " for storing beer, and which were separated from the other rooms in the basement by partition walls, with doors which were kept locked, the keys remaining in the possession of the agents of the corporation.

The possession of these rooms by the corporation had been exclusive, and the alleged burglary consisted in breaking the door leading into these apartments, the prisoner having gained access to the basement through an open window into a hall or wood room, occupied for public purposes.

At common law, burglary could only be committed in respect of a dwelling house. A burglar is defined to be " he that by night breaketh and entereth into a mansion house with intent to commit a felony." It might be by breaking in from the outside, or, having gained an entrance, by breaking an inner door. (4 Bl. Com., 224, 226 ; 1 Russ. on Cr., 785, 790.)

The breaking into a shop or warehouse was not burglary, but if a barn, stable, or warehouse, were parcel of the mansion house, and within the same common fence, though not under the same roof or contiguous, a burglary might be committed therein. (4 Bl. Com., 225 ; 1 Russ. on Cr., 799.) So there might be several mansions or dwellings under the same roof, and all accessible by the same outer door, and by a common hall. A chamber in a college, or an inn of court where each inhabitant hath a distinct property, is to all purposes the mansion house of the owner. (1 Hale P. C., 556.) So also is a room or lodging in any private house, the mansion, for the time being, of the lodger ; if the owner doth not lodge in the house, or if he and the lodger enter by different outer doors. (Id.) So also, a parcel of a dwelling house might be so separated from the rest as not to be the subject of a burglary. If I hire a shop, parcel of another man's house, and work or trade in it, but never lie there, it is no dwelling house, and by the common law, no burglary can be committed therein ;

The People *v*. McCloskey.

for, by the lease, it is reserved from the rest of the house, and therefore is not the dwelling house of him who occupies the other part. (1 *Hale P. C.*, 558 ; 1 *Russ. Cr.*, 799.) It was the separate occupation of several tenants or lodgers in the same house, or the character of the occupation of different parts of the same house which, in the former case, gave to the several parts of the same building the character and privilege of several mansions or dwellings, and in the other, took from the parcel separated from the other parts of a dwelling, its peculiar character. A lease of a part of a dwelling house for a shop or warehouse, made that part a shop, so that it was not within the protection given to dwelling houses, but it was necessarily within the protection given to shops, and when, by statute, a forcible breaking into a shop was made burglary, it was a shop within the provision of the act. In other words, being a shop for one purpose, it was a shop for all purposes. A building could, therefore, in its different parts, be occupied by several persons for shops or warehouses, and each distinct occupation be the subject of a burglary. The occupation of a parcel of a building is none the less distinct and exclusive, because it is occupied as a shop or warehouse, rather than as a lodging or sleeping place. In the one case it is the dwelling house of the lodger, in the other, it is the shop or warehouse of the occupant.

It follows that, in this case, the rooms exclusively occupied by the " Gulf Brewery," were the " storehouse " of that company, and, as they had the peaceable possession of the premises, their possession and property, were within the protection of the same, and whether they could have held possession against the public, is not material. The statute of this State prescribes the cases in which an individual being within or entering a house, not having entered burglariously, may, by breaking an inner door, be guilty of burglary. (2 *R. S.*, 668, §§ 14, 15.) By § 20 it is declared that the breaking of an inner door of a dwelling house shall, in no other case, constitute burglary. But this statute does not touch the case of separate dwellings under the same roof, and hence the case of *People* v. *Fralick*

(*Hill & Den.*, 63), does not affect the question before us. Bumpus was the occupant of the whole mill. There was no separate occupation of a part by another individual, so as to make the part entered through the trap door a separate shop, or warehouse, or mill. The well established principle that there may be several dwelling houses under the same roof, when different rooms or sets of rooms, are occupied by different tenants, the outer door or hall being common to all, is reaffirmed in *People* v. *Bush* (3 *Park. Cr. R.*, 552). The Revised Statutes (2 *R. S.*, 669, § 17), provided for a class of cases for which there was before no law in this State, and it made the breaking and entry in the day or in the night time, of any shop, store, tent, booth, warehouse or other building, in which any goods, &c., should be kept, &c., with intent to steal, &c., burglary in the third degree. The apartments occupied by the " Gulf Brewery," were within this provision. The door which was broken by the prisoner, was an outer door of the storehouse, and he was rightfully convicted. The indictment, bill of exceptions, and all proceedings must be remitted to the court below, to the end that judgment be rendered. (2 *R. S.*, 741, § 25; 11 *Wend. R.*, 568.)

MULLIN, J., concurred; MORGAN, J., dissented.

---

SUPREME COURT. At Chambers, City of New York, August, 1860. *Sutherland*, Justice.