(129 App. Div. 498.)

PEOPLE ex rel. DAWKINS v. FROST, Agent and Warden of State Prison at Sing Sing.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. CRIMINAL LAW (§ 1011*)—CERTIORARI—REVIEW.

Certiorari to review a criminal case, except criminal contempt, is abolished, the only remedy being appeal under Code Cr. Proc. § 515, and Code Civ. Proc. § 2148, declaring the article (on certiorari) not applicable to a writ of certiorari brought in any criminal matter except criminal contempt.

[Ed. Note.—For other cases, see Criminal Law. Cent. Dig. § 2569; Dec. Dig. § 1011 *]

2. CERTIORARI (§ 15*)—JUDICIAL PROCEEDINGS—WANT OF JURISDICTION.

Under Code Civ. Proc. § 2016, subd. 2, certiorari will not lie to inquire into the cause of a person's detention under a final judgment of a competent tribunal of civil or criminal jurisdiction.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 23–27; Dec. Dig. § 15.*]

3. HABEAS CORPUS (§ 22*)—GROUNDS FOR RELIEF—WANT OF JURISDICTION.

Habeas corpus will not lie to inquire into the cause of a person's detention under a final judgment of a competent tribunal of civil or crim-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inal jurisdiction, under the express provisions of Code Civ. Proc. § 2016, subd. 2.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 19½; Dec. Dig. § 22.*]

4. CRIMINAL LAW (§ 1208*)—SENTENCE—VALIDITY—STATUTORY PROVISIONS.

Pen. Code, § 506, provides that a person who, entering a building under circumstances constituting burglary, commits any crime therein, is punishable therefor as well as for the burglary, and may be prosecuted for that crime separately or in the same indictment. Section 507 makes burglary in the third degree punishable by a term in state prison for not exceeding five years. Section 687a provides for an indeterminate sentence in state prison of persons convicted of felonies other than first and second degree murder, the minimum of which shall not be less than one year. *Held* that, where a person was prosecuted for and convicted of third degree burglary and second degree grand larceny under one indictment containing two counts, under section 506, a sentence to state prison for an indeterminate sentence of not longer than four years and five months nor less than four years for the burglary was valid.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1208.*]

5. CRIMINAL LAW (§ 1069*)—GROUNDS—CONVICTION OF CRIME—VALID SENTENCE.

The sentence being valid and not having expired, an application for certiorari to inquire into the circumstances of the prisoner's retention in custody, as provided by Code Civ. Proc. c 16, tit. 2, art. 3, was premature, even though a sentence imposed for the other offense to begin at the expiration of the first sentence were invalid.

[Ed. Note.—For other cases. see Criminal Law, Cent. Dig. § 2691; Dec. Dig. § 1069.*]

Appeal from Special Term, Kings County.

Certiorari by the People, on the relation of George Dawkins, against Jesse D. Frost, as agent and warden of the State Prison at Sing Sing, to inquire into the cause of relator's detention. From an order dismissing the writ and remanding relator to custody (58 Misc. Rep. 618, 109 N. Y Supp. 1121), he appeals. Dismissed

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ

Edward J. Reilly, for appellant.

Peter P. Smith, for respondent.

JENKS, J. There was a single indictment with two counts, one for burglary in the third degree and one for grand larceny in the second degree. The judgment was guilty upon both counts as charged in the indictment. The court sentenced the relator to be imprisoned for the burglary in the said prison under an indeterminate sentence, the maximum to be four years and five months and the minimum four years, and for the grand larceny, under an indeterminate sentence, the maximum to be three years and one month and the minimum three years, the second sentence to commence immediately upon the termination of the first.

The writ of certiorari to review a criminal case, save criminal contempt of court, is abolished, the remedy is appeal. · Section 515, Code Cr. Proc.; section 2148, Code Civ. Proc. A person is not entitled to writs either of habeas corpus or certiorari to inquire into the cause of his detention when he is detained by virtue of a final judgment

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a competent tribunal of civil or criminal jurisdiction. Sections 2016–2019, Code Civ. Proc. Section 506 of the Penal Code provides as follows:

"A person who, having entered a building under such circumstances as to constitute burglary in any degree, commits any crime therein, is punishable therefor, as well as for the burglary; and may be prosecuted for each crime, separately, or in the same indictment."

We may glean from the indictment, and indeed it is not disputed, that it was laid pursuant to this section. The sentence under which the defendant is now serving was valid (sections 507, 687a, Pen. Code), and it has not expired. Hence the application for a writ to inquire under article 3, c. 16, tit. 2, of the Code of Civil Procedure, was premature. People ex rel. Bedell v. Kinney, 24 App. Div. 309, 48 N. Y Supp. 749, and authorities cited; People ex rel. Trainor v. Baker, 89 N. Y. 460.

The appeal is dismissed. All concur.