THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
STANLEY GRZESCZAK, Defendant.

(County Court, Nassau County, Trial Term, June, 1912.)

Indictment — criminal law — arson — attempted robbery — evidence in
support of alibi.

> Upon the trial of an indictment for arson the complaining
> witnesses testified that defendant was actually present at the
> commission of the crime charged; that they saw him, knew him,
> recognized him and spoke to him; that he was standing in front
> of the building directing his accomplices, one of whom he ordered
> to go inside the house of the complainants and set the place on
> fire if he did not get any money. Defendant's testimony in
> support of an alibi was corroborated by a number of witnesses
> and he was acquitted. On the trial of the same defendant on an
> indictment for attempted robbery, the facts in which were the
> same as in the arson case, the former acquittal is a bar to the
> prosecution, as the question of defendant's presence at the com-
> mission of both crimes having once been decided can not be
> tried again.

MOTION for the direction of a verdict of acquittal.

Charles N. Wysong, district attorney, and Charles T. Mc-
Carthy, assistant, for people.

Elias Rosenthal, for defendant.

NIEMANN, J. The defendant has been indicted by the
grand jury of Nassau county under two indictments, one
charging arson in the second degree, the other, containing
three counts: the first count alleging an attempt to commit
robbery in the first degree; the second, an attempt to com-
mit extortion; and the third, assault in the first degree.
Upon the indictment for arson the defendant has been tried
and acquitted. Upon said trial the complaining witnesses
testified that the defendant was actually present when the
crime was committed; that they saw him, knew him, recog-
nized him, and spoke to him; that he was standing in front of
the building directing his accomplices; that he ordered

Vladak, one of his accomplices, to go inside the house of the complainants and if he did not get any money to set the place on fire, and that the inside of the building was then set on fire by said Vladak. The defendant did not deny that the said crime of arson was in fact committed, but testified that he was not the one who committed it; that he was not there and had nothing whatever to do with the crime; that during the evening and night in question he was in an hotel owned by him and in which he resided with his wife, at New Hyde Park: In short, his defense was an alibi. To substantiate this defense, he called a number of witnesses who corroborated him. Upon the present trial the defendant put in evidence the indictment and record of acquittal, including the testimony taken at the former trial. It was stipulated between the district attorney and the counsel for the defendant that the same witnesses who testified in the arson case would testify in this case, reiterating, substantially, the testimony given by them in the arson case, and that the defense upon his trial is identical, as to the merits, with the defense in the arson trial, and that the defendant's testimony and that of his witnesses would be the same as that given upon said arson trial.

The defendant contends that (1) the acquittal under the charge of arson is a bar to a prosecution under this indictment because the two offenses are the same identical act and crime; (2) that the question of fact upon this trial as to the main issue, namely, whether the defendant participated in any part of the transaction upon which the various crimes charged are predicated, being the same as the questions of fact which were litigated in the first action, the verdict of acquittal is a finding by the jury that the defendant was not there and therefore could not have committed either of the crimes, they being part of the same transaction, and that, as the fact of his absence or nonparticipation in the said transaction has been established by the verdict of acquittal by the jury in the former case, it is forever determined between the people of the state and this defendant.

*First.* The general rule is that to sustain a plea of former jeopardy it must appear that the offense charged was the

County Court, Nassau County, June, 1912.          [Vol. 77.

same in law and in fact. The plea will be vicious, if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact. Commonwealth v. Roby, 12 Pick. 496; Burns v. People, 1 Park. Cr. Rep. 182; Burton v. United States, 202 U. S. 344. The offenses must be the same identical act and crime. People v. Warren, 1 Park. 338. Where the offenses are distinct crimes, though part of one transaction, a conviction or acquittal of one is not a bar to a prosecution on the other.

Illustrations: In People v. Warren, *supra,* the indictment charged the mixing of arsenic with flour and causing and procuring it to be administered to one William P. Loveland, with intent to kill and slay him. The defendant pleaded in bar that he was arraigned, tried and acquitted upon another indictment charging him with the same identical acts, that is, the mixing of poison with the flour, and causing and procuring it to be administered to one Louisa Loveland, with intent to kill and slay her. The court held that, while the act of mixing the poison with the flour and furnishing it to the persons who subsequently used it and partook of it was the same act in both cases, still the intent charged in the two indictments was different, the one to kill Louisa, the other to kill William, and though the acts may have been the same, the crimes, as characterized by the intent, were different. In other words, the act of mixing the poison with flour was one transaction, but the causing and procuring it to be administered with intent to kill two persons were two separate acts, each being a crime in itself.

In People v. Ward, 15 Wend. 231, the prisoner was indicted for an attempt to obtain money from a bank by color of a forged letter, in which was inclosed a certificate of deposit of another bank. Before the trial of the offense, the prisoner had been tried for the forgery of the certificate of deposit and acquitted. The court held: " The previous indictment and acquittal for the alleged forgery of the certificate of deposit is no bar to this indictment. The two offenses were distinct; the counterfeit letter and use made of it, did not constitute a material ingredient in the crime of

forgery. That depended upon the alteration of the certificate with the intent to defraud some person, which of itself constituted a crime. The offense alleged in this indictment was committed to carry into effect more successfully the other offense; but has no more necessary connection with it, than the setting fire to a dwelling house for the purpose of the more effectually concealing the perpetration of a larceny has to the larceny itself."

In People v. McCloskey, 5 Park. Cr. Rep. 57, the defendant was indicted for burglary in the third degree. The prisoner had been convicted of petit larceny for stealing upon the occasion of the burglary. The court held: " The conviction for petit larceny before the Court of Special Sessions, constituted no bar to the indictment for burglary. The two crimes are entirely distinct. * * * The offenses (petit larceny and burglary) are distinct in their legal character, and in no case could a party indicted for the first be convicted of the second. The acquittal or conviction on an indictment, in order to be a good defense to a subsequent indictment, must be for the same identical offense charged in the second indictment."

In People ex rel. Dawkins v. Frost, 129 App. Div. 498, the defendant was indicted under two counts, one for burglary and the other for grand larceny. He was found guilty on both counts as charged in the indictment and sentenced to imprisonment separately for both crimes. The burglary and larceny were one transaction, but they constituted distinct offenses. Penal Law, § 406.

On the other hand, when two offenses separately charged constitute in law and in fact but one crime, an acquittal or conviction of one of such offenses is a bar to the prosecution of the other offense.

Illustrations: In Woodford v. People, 62 N. Y. 117, the defendant was indicted for arson. The evidence tended to show that the fire was set about midnight, when a furious wind was blowing, in a small barn or shed adjoining a dwelling, and spread from one dwelling to another until thirty-five in all were consumed. The court held (p. 127): "A conviction upon separate indictments could not be had for

each separate house, although an indictment may have been good for any one, and a conviction or acquittal upon such an indictment would be a bar to an indictment for burning any other house burned by the same act. These consequences must follow from the position that there was but one crime committed in respect to all the dwelling houses, and that the respective counts charged but one crime."

In People v. M'Gowan, 17 Wend. 386, the defendant was indicted for grand larceny. The prisoner pleaded that he had been indicted for robbery and acquitted by a jury; that the offenses charged in the two indictments were identical. The court held that the trial and acquittal for robbery was a bar to an indictment for larceny, as the property alleged to have been taken was the same.

It follows from the principle of the cases above cited that the defendant's acquittal of the charge of arson is not a bar to this prosecution for attempted robbery in the first degree; although the facts in the arson case are identical with those in this case.

*Second.* The only litigated question of fact on both these indictments is the presence of the accused when these crimes were committed. That question having once been decided, it cannot again be tried. Should the jury in this case find the defendant guilty under the defense herein interposed, that of an alibi, we would be confronted with two incompatible verdicts, which would amount to a finding on the one hand that the defendant was not present, and on the other hand that he was present.

In the case of People v. Harris & Blanck, N. Y. L. J., March 22, 1912, the defendants were charged under several indictments with manslaughter in the first and second degree, in having caused the death of a number of people by having locked, bolted or fastened the door of a factory owned by them so as to prevent escape from a fire which occurred in said factory. Mr. Justice Seabury, in the course of his charge to the jury, at the close of which he directed them to return a verdict for the defendant, said: " If the defendants did not keep the Washington Place door of their factory locked, bolted or fastened on the day of the fire, it

is conceded that they cannot now be convicted of man-slaughter either in the first or second degree. The question as to whether the relation of cause and effect existed between the locked door and the death of the person named does not arise in this case, in view of the fact established by the verdict of the jury upon the first trial that the door was not locked. * * * The verdict of the former jury was a solemn determination to the effect that these defendants did not keep the door of the factory locked, bolted or fastened on the day of the fire. That fact is, as between the People of the State and these defendants, conclusively established by the verdict rendered upon the first trial. Upon the present trial the People seek to prove that this fact is not as the former jury found it to be."

In People v. Allen, 1 Park. Cr. 445, the prisoner was indicted for uttering and publishing as true a note made by himself, on which the names of certain individuals were alleged to have been forged as indorsers, knowing such indorsements to be false, forged and counterfeit. The defendant interposed a plea of *autrefois acquit,* and on the trial it appeared that he had before been indicted and tried for the offense of forging and counterfeiting the same indorsements, and acquitted by the verdict of a jury upon the merits. The court directed a verdict of acquittal " upon the ground that the evidence to establish the guilt of the prisoner of the offense charged in this indictment necessarily established his guilt of the offense of forgery charged in the first indictment, which was no longer an open question, the jury upon the trial of that indictment having by their verdict found the endorsements genuine. That the only litigated question of fact upon both indictments was the same, and both indictments would be sustained by substantially the same evidence."

In People v. Munroe, 190 N. Y. 435, the defendant was convicted of robbery in the first degree. The indictment charged that he had committed robbery with an accomplice actually present. The jury found the accomplice not guilty and the defendant guilty. The Court of Appeals reversed the judgment of conviction, holding that the acquittal of

City Court of New York, June, 1912. [Vol. 77.

the accomplice amounted to a finding by the jury that the accomplice was not actually present at the time of the robbery aiding the defendant.

In People v. Massett, 27 N. Y. St. Repr. 580, the defendant was jointly indicted with two others for robbery in the first degree. The jury acquitted the two accomplices but convicted the defendant of robbery in the third degree. In reversing the judgment of conviction, the court said: " The jury, in considering this evidence, either must have violated their oaths in the acquittal of Cornell and Lull or in the conviction of Massett, because, as already stated, the evidence against the one was precisely the same as the evidence against the others. They were all engaged in the robbery, or none of them. If the complainant's story was not sufficient to convince the jury as to Cornell and Lull, clearly it was not sufficient to convince them as to Massett. If Lull and Cornell were not guilty, Massett could not possibly have been guilty. * * * Juries should not be permitted to render verdicts which are so inconsistent the one with the other." The above case was cited as an authority by the court in the case of People v. Munroe, *supra.*

Under the foregoing authorities I am of the opinion that the defendant's former acquittal is a bar to the maintenance of this prosecution. It follows, therefore, that the defendant's motion that the court direct the jury to find a verdict of not guilty must be granted. By direction of the court the jury will find a verdict of not guilty.

Motion granted.