THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDMUND ADAMCHESKY, Defendant.

Court of General Sessions of the County of New York, March 8, 1945.

*Gustave H. Sperber* for defendant.

*Frank S. Hogan, District Attorney (Robert H. Reynolds* of counsel), for plaintiff.

STREIT, J.   On November 1, 1940, this defendant, together with others, was indicted in this court under indictment No. 224158¾, on three counts, two counts of grand larceny in the first degree and one count of conspiracy to commit the crime of grand larceny.   It is alleged in the said indictment that the defendant, along with others, on or about April 5, 1940, in the county of New York, stole a truckload of approximately 192 cases of cigarettes from the New England Transportation Company.

On April 1, 1943, this defendant was indicted in the United States District Court for the Southern District of New York under indictment No. C 114–158, for a violation of sections 3 and 7 of the National Stolen Property Act (U. S. Code, tit. 18, §§ 415, 418a), under the first count of which it was alleged that the defendant, together with one other, on or about the 5th day of April, 1940, transported in interstate commerce a certain truckload consisting of approximately 194 cartons of cigarettes, the exact number being to the grand jury unknown, which he knew had been stolen from the New England Transportation Company.   It was therein alleged that he transported the said property from the borough of Manhattan, in the city and State of New York, to Wallington, in the State of New

Jersey, and under the second count it was alleged that he conspired to violate section 3 of the National Stolen Property Act (U. S. Code, tit. 18, § 415).

On May 10, 1943, the defendant pleaded guilty in the United States District Court for the Southern District of New York to the Federal indictment afore-mentioned, and on June 9, 1943, was duly sentenced thereon.

The defendant was not in the custody of the New York authorities at the time the indictment was filed against him in this court and was not apprehended under the said indictment until September 14, 1944, when he was arrested on a bench warrant and brought here to answer indictment No. 224158¾ pending in this court.

On September 28, 1944, this defendant pleaded orally that he had already been convicted of the crime charged in this indictment by the judgment of the United States District Court for the Southern District of New York on the 10th day of May, 1943, upon indictment No. C 114–158. The defendant further pleads the afore-mentioned conviction as a bar to any prosecution upon this indictment.

He now moves to dismiss this indictment, citing section 6 of article I of the New York State Constitution, section 33 of the Penal Law and sections 9 and 139 of the Code of Criminal Procedure.

It is conceded by the People for the purpose of this motion that the merchandise which Adamchesky is charged with transporting in interstate commerce in the Federal indictment is the same merchandise, at least in part, which is alleged to have been stolen by Adamchesky in the New York County indictment.

It has long been established that where an act constitutes a violation of the law and offends both the Federal and State governments, both the Federal and State governments may prosecute and punish the offender. (*United States* v. *Lanza*, 260 U. S. 377; *People ex rel. Liss* v. *Supt. of Women's Prison*, 282 N. Y. 115.)

The defendant contends, however, that the statutes of this State preclude his being prosecuted under this indictment, citing section 33 of the Penal Law and section 139 of the Code of Criminal Procedure.

Section 33 of the Penal Law provides that whenever it appears upon the trial of an indictment that the offense was committed in another State or country, or under such circumstances that the courts of this State had jurisdiction thereof, and that the defendant had already been acquitted or convicted

on the merits, upon a criminal prosecution under the laws of such State, or country, founded upon the act in respect to which he is upon trial, such former acquittal or conviction is a sufficient defense.

The offense with which the defendant is charged under the first two counts of the indictment, that is, grand larceny in the first degree, was not committed in the foreign jurisdiction, nor has the defendant been acquitted or convicted of the crime of grand larceny in the first degree as set forth under the first two counts of indictment No. 224158¾. I hold that the crime of grand larceny in the first degree is entirely distinct from the crime of transporting stolen property, and that the elements which go to make up these crimes are entirely different. (*People v. Arnstein,* 128 Misc. 176.)

The offenses are not identical. The difference is real and substantial. The gist of larceny under the laws of New York is the taking of property with the intention of depriving the true owner thereof. The gist of transportation of stolen merchandise under the Federal law is the transporting of stolen merchandise in interstate commerce. The Federal charge of transporting stolen merchandise in interstate commerce is not concerned so much with the thief, since it is immaterial whether the transportation of the stolen merchandise is done by the original thief or by another, provided the person transporting the merchandise knew that it was stolen.

The analogies and comparisons advanced by the defendant do not meet the test laid down in the case of *Commonwealth v. Roby* (12 Pick. [Mass.] 496, 504) or in *People v. Rodgers* (226 N. Y. 671, affg. 184 App. Div. 461). The offenses are not the same in fact and in law. They are not of the same legal character nor is the same evidence required to support both charges.

The plea of double jeopardy will not be allowed if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact (*People v. Grzesczak,* 77 Misc. 202) nor when one offense is committed the more effectually to carry out the other. The acquittal of the latter is no bar to an indictment of the other. (*People v. Ward,* 15 Wend. 231; *People v. Snyder,* 241 N. Y. 81; *People ex rel. Dawkins v. Frost,* 129 App. Div. 498.)

I am therefore of the opinion that a person who commits a larceny within the State of New York and then transports the stolen property outside the State, in violation of the Federal statute prohibiting the transportation of stolen property in interstate or foreign commerce, commits two distinct offenses.

The same reasoning holds true with respect to the conspiracy counts. The third count of the New York indictment alleges a conspiracy to commit larceny in the county of New York; the second count of the Federal indictment alleges a conspiracy to violate the Federal statute prohibiting the transportation of stolen merchandise in interstate commerce, two distinct crimes.

Section 139 of the Code of Criminal Procedure provides that when an act charged as a crime is within the jurisdiction of another State, territory or country, as well as within the jurisdiction of this State, a conviction or acquittal thereof in the former is a bar to a prosecution or indictment therefor in this State. I hold that the act of having property in one's possession and custody as bailee, servant, attorney or agent, and appropriating the same to his own use with intent to deprive the owner of such property, or the taking of property from the possession of the true owner with the intention of depriving the true owner of his property, if committed in the county of New York, and not on government property as set forth in section 272 of the Criminal Code (U. S. Code, tit. 18, § 451), is solely within the jurisdiction of the county and State of New York, and not within the jurisdiction of another State, territory or country within the meaning of section 139 of the Code of Criminal Procedure.

For the reasons above set forth, the motion is denied.