[Criminal No. 622.   Filed April 19, 1926.]

[244 Pac. 1020.]

## J. C. HENDERSON, Appellant, v. STATE, Respondent.

1. INDICTMENT AND INFORMATION.—Information in prosecution for unlawfully transporting intoxicating liquors, following practically language of Laws of 1917, chapter 63, section 2, *held* sufficient.

2. CRIMINAL LAW.—The same criminal act may constitute an offense against the United States and also against the state.

3. CRIMINAL LAW—CONVICTION FOR POSSESSION OF LIQUOR IN FEDERAL COURT HELD NOT TO BAR PUNISHMENT FOR TRANSPORTATION GROWING OUT OF SAME TRANSACTION IN STATE COURT UNDER THEORY OF FORMER JEOPARDY (PEN. CODE, § 728).—Conviction for possession of intoxicating liquors in federal court *held* not to prevent punishment under Penal Code of 1913, section 728, for transportation growing out of same act on theory of former jeopardy, since there may be possession without transportation, or two acts may be separable as to time and place.

---

2. Acquittal or conviction under federal statute as bar to prosecution under state or territorial statute based on the same act or transaction, and *vice versa*, see notes in 16 A. L. R. 1231; 22 A. L. R. 1551. See, also, 8 R. C. L. 98.

3. On right to convict for several offenses growing out of same state of facts, see note in 38 L. R. A. (N. S.) 693.

4. Criminal Law—As to Bar by Former Prosecution, Reviewing
   Court will not Indulge Presumption, in Absence of Tran-
   script of Testimony, That Act of Possession of Intoxicating
   Liquor was Only Act for Which Defendant was Tried in
   Federal Court (Pen. Code 1913, § 728).—In absence of tran-
   script of testimony, reviewing court will not presume that act of
   possession of intoxicating liquor for which defendant was tried
   in federal court was only act of which he was guilty, or that acts
   of possession and transportation were not distinct and separable,
   as to bar of prosecution, under Penal Code of 1913, section 728,
   for transportation growing out of same act in state court.

See (1) 31 **C. J.**, p. 708, n. 29; 33 **C. J.**, p. 730, n. 59. (2) 16
**C. J.**, p. 62, n. 39, p. 282, n. 17. (3) 16 **C. J.**, p. 279, n. 56 New;
33 **C. J.**, p. 617, n. 70. (4) 17 **C. J.**, p. 213, n. 30.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. Dudley W. Windes,
Judge. Affirmed.

Mr. Spencer B. Pugh, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr.
Earl Anderson and Mr. Frank J. Duffy, Assistant
Attorneys General, for the State.

ROSS, J.—Appellant appeals from a conviction of
violating the prohibition laws of this state.

The information charges, in substance, that he,
on or about February 7, 1923, at and in Mari-
copa county, did wilfully and unlawfully transport
and cause to be transported, from a point in said
county to the county attorney unknown, to a cer-
tain point approximately one and one-half miles
south of Cave Creek Wash on the old Black Canyon
road, certain intoxicating liquors, to wit, whisky.

The defendant demurred to the information on the
ground that it did not state whether such liquor was
transported on the person or by vehicle or in what
manner. He also pleaded former jeopardy, former
acquittal, and former conviction in the federal dis-

trict court for Arizona, upon a criminal prosecution
founded upon the same act as charged in this case.
He also set out the facts upon which he based his
former jeopardy as follows: That on the sixteenth
day of February, 1925, the United States attorney
filed in the United States district court an informa-
tion against the defendant charging him with pos-
sessing on the seventh day of February, 1923, the
same intoxicating liquor charged in this case, to which
information the defendant pleaded guilty, and was
sentenced to pay a fine, which he paid.

Defendant's demurrer to the information was over-
ruled; and the demurrer of the county attorney to
the pleas of former jeopardy, acquittal and conviction
was sustained. On a trial the defendant was con-
victed. He assigns as errors the order of the court
overruling his demurrer to the information, and the
order sustaining demurrer to his pleas of former
jeopardy, acquittal and conviction.

The information follows practically the language of
the statute defining the offense of transporting intoxi-
cating liquor. Section 2, chapter 63, Laws 1917. This
meets the rule often announced by this court when
the offense is purely statutory. *Atkin* v. *Territory*,
13 Ariz. 26, 108 Pac. 225; *Cluff* v. *State*, 16 Ariz. 179,
142 Pac. 644; *Ford* v. *State*, 21 Ariz. 567, 192 Pac.
1117; *Thompson* v. *State*, 25 Ariz. 314, 216 Pac. 1074;
*State* v. *Redmond*, 73 Mont. 376, 237 Pac. 486.

The Volstead Act (U. S. Comp. Stats. Ann. Supp.
1923, § 10138¼ et seq.), under which defendant was
convicted in the federal court, makes the possession
of intoxicating liquor one offense and the transpor-
tation of it another. In fact, there are a number of
acts mentioned in said act in connection with intoxi-
cating liquors that are defined as separate crimes,
such as the possession of the necessary machinery
and tools for its manufacture, the manufacture of it,
the possession of it, the sale and the transportation.

The Arizona prohibition act, among other things, defines as a crime the transportation of intoxicating liquor.

There is a practical unanimity in the decisions to the effect that the same act may constitute an offense against the United States and also against the state. The headnote to *State* v. *Rhodes*, 146 Tenn. 398, 242 S. W. 642, reported in 22 A. L. R. 1544, states the law as applied to liquor cases as follows:

"Punishment for possession and transportation of intoxicating liquors under the federal law does not prevent punishment under a state law for the same offense growing out of the same acts under the constitutional provisions against double jeopardy."

In the case of *United States* v. *Lanza*, 260 U. S. 377, 67 L. Ed. 314, 43 Sup. Ct. Rep. 141, speaking of the respective powers and rights of the national and state governments to legislate upon the subject of prohibition, it was said, through Chief Justice TAFT:

"We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject matter within the same territory. Each may without interference by the other, enact laws to secure prohibition, with the limitation that no legislation can give validity to acts prohibited by the amendment. Each government, in determining what shall be an offense against its peace and dignity, is exercising its own sovereignty, not that of the other.

"It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both, and may be punished by each. The Fifth Amendment, like all the other guaranties in the first eight amendments, applies only to proceedings by the federal government *(Barron* v. *Baltimore*, 7 Pet. 243, 8 L. Ed. 672), and the double jeopardy therein forbidden is a second prosecution under authority of the Federal government after a first trial for the same offense under the same authority. Here the same act was an offense against the state of Washington, because a violation of its law, and also an offense against the United

States under the National Prohibition Act. The defendants thus committed two different offenses by the same act, and a conviction by the court of Washington of the offense against that state is not a conviction of the different offense against the United States, and so is not double jeopardy.''

So it seems under the decisions the court was right in sustaining the demurrer to defendant's pleas of former jeopardy, conviction and acquittal, since clearly, if the act of possession of which defendant was convicted in the federal court was the same act as the transportation charged in this case, it would not bar a prosecution under the state laws on the theory of jeopardy, former conviction, or former acquittal.

But it is claimed that the state legislature has provided that a prosecution in the federal courts for the same act made punishable by any law of the state is a bar to a prosecution under the state law; and it is further claimed that the conviction in the federal court of the possession of intoxicating liquor is the same act as charged in this information. The particular statute relied upon is section 728 of the Penal Code, which reads as follows:

''Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another territory, state, government, or county, founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense.''

As said by Chief Justice TAFT, in *United States* v. *Lanza, supra:*

''If Congress sees fit to bar prosecution by the federal courts for any act when punishment for violation of state prohibition has been imposed, it can, of course, do so by proper legislative provision; but it has not done so.''

Of course, what Congress might do in that regard the state may also do, and the question is as to

whether the acts of unlawful possession and unlawful transportation as here pleaded are identical so that the conviction in the federal court for unlawful possession would constitute a defense to this prosecution.

In *Miller* v. *United States,* 300 Fed. 529 (Circuit Court of Appeals, Sixth Circuit), it was held under the facts there shown that—

"The act of possession relied upon was merely that possession necessarily incidental to the sale which was the basis of the sale count. We considered this subject in *Reynolds* v. *United States* (C. C. A.), 280 Fed. 1. While there may be, and commonly is, possession without sale, so that possession for a substantial time, followed by a sale, might be two distinct offenses, in this case the only possession shown was that which temporarily came to Miller for the purpose of completing by delivery the sale which he was making. The same testimony which showed the sale necessarily showed the only possession which is shown at all. It follows, as pointed out in the Reynolds case, that judgment upon the sale count would bar subsequent prosecution for this act of possession, and that there should not be separate and cumulative sentences. Since the sale is plainly regarded as a more serious offense than the mere possession, we think that, for the purposes of sentence, the latter should be merged in the former. The sentence upon the possession count must therefore be set aside."

And in *Moseley* v. *United States,* 4 Fed. (2d) 381 (Circuit Court of Appeals, Sixth Circuit), it was held:

"Where the possession of liquor charged in an indictment was the possession incident to its unlawful transportation, charged as a separate offense in another count, there cannot be conviction on both counts."

Granting that the conclusion reached in the above cases is correct, as based upon the facts appearing therein, we find in the case of *Earl* v. *United States,* 4 Fed. (2d) 532, decided by the Ninth Circuit Court

of Appeals, of which we are a part, what appears to be a contrary statement of the law:

"We find no merit in the contention that the charge of possession is included in the charge of transportation, or that the plaintiffs in error could not be held to answer for both. The evidence to prove possession would not be sufficient to sustain the charge of transportation. *Gavieres* v. *United States*, 220 U. S. 338, 55 L. Ed. 489, 31 Sup. Ct. Rep. 421. Possession and transportation of intoxicating liquors are distinct offenses, and the law penalizes both. *Bell* v. *United States* (C. C. A.), 285 Fed. 145; *Massey* v. *United States* (C. C. A.), 281 Fed. 295; *Singer* v. *United States* (C. C. A.), 288 Fed. 695."

What is stated in this last case is obviously true. While transportation and possession are acts that must necessarily concur as to place and time, since there can be no transportation without possession, the converse is not true. There may be possession without transportation, or the two acts may be separable as to time and place, and where that is the situation, conviction for possession would not, under the above statute and decisions, be a defense because the act of possession would not be the same as the act of transportation.

The defendant has not seen fit to bring up the transcript of the testimony, and in its absence we will not indulge the presumption that the act of possession for which he was tried in the federal court was the only act of which he was guilty, or that the acts of possession and transportation were not distinct and separable.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.