[Crim. No. 5508. Second Dist., Div. Three. Feb. 24, 1956.]

THE PEOPLE, Respondent, v. MANUEL D. CANDELARIA, Appellant.

J. B. Mandel for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—On June 24, 1955, in a nonjury trial in the Superior Court of Los Angeles County, defendant was convicted of robbery. He appeals from the judgment.

Appellant contends that he had been convicted previously of the same offense (charged herein) in the United States District Court at Los Angeles; and that, by reason of the trial in the superior court, he was twice in jeopardy for the same offense.

In an information, filed May 4, 1955, by the district attorney of Los Angeles County, it was charged that defendant committed robbery on December 10, 1954, in that, he unlawfully and by means of force and fear took from the presence of Ida Holland $700. Defendant pleaded that he had been convicted previously of the offense charged herein in the United States District Court. The cause was continued to a later date, and a plea of "not guilty" was then entered because the defendant stood mute. Defendant admitted an allegation in the information that he had been convicted previously in Los Angeles County of pimping, a felony. (Probation was granted upon that conviction.)

At the trial herein, Mrs. Holland testified that on December 10, 1954, about 10:45 a. m., while she was a teller in the Citizens National Bank in Los Angeles, the defendant was in the bank and he pointed a gun at her and told her to give him some money; she gave him $950 that belonged to the bank; that was the only "hold-up" on that day.

A police officer testified that on December 10, 1954, about 7 p.m., he arrested the defendant in front of defendant's

house; he asked defendant where the money was; defendant said that some of it was in the car, some in his pocket, and the rest of it was in the house in a boot; they (defendant and officers) went into the house and one of the officers took some money and a revolver out of a boot; the money was counted, and there were ''720-some-odd dollars''; the officers asked defendant about the additional money; defendant said that he and his girl friend had spent approximately $200 for clothes; he (witness) asked defendant if he held up the bank on more than one occasion, and defendant said that he held it up only once.

Defendant testified that on December 10, 1954, he committed a robbery at the Citizens National Bank; he was the man described by Mrs. Holland; he did not rob the bank on more than one occasion on that date.

On January 12, 1955, a federal grand jury in Los Angeles filed an indictment against defendant which was titled, "Indictment (U. S. C., Title 18, Sec. 2113(d) — Robbery of national bank, use of dangerous weapon.)'' The indictment charged: ''On or about December 10, 1954, in Los Angeles County, California, within the Central Division of the Southern District of California, defendant Manuel Duran Candelaria, by force and violence and by intimidation, did knowingly and wilfully take from the person and presence of another, namely: Ida Holland, the sum of approximately $950.00 belonging to, and in the care, custody, control, management, and possession of, a bank, namely: Citizens National Trust and Savings Bank of Los Angeles, Lincoln Heights Branch, which bank was then a bank whose deposits were insured by the Federal Deposit Insurance Corporation; and

''In committing the offense heretofore charged, defendant Manuel Duran Candelaria did assault, and put in jeopardy the life of, Ida Holland by the use of a dangerous weapon and device, namely: a .45 caliber revolver.''

Defendant pleaded guilty in the federal court to the charge in the indictment. On February 7, 1955, he was sentenced by the federal court to imprisonment for five years. On April 1, 1955, the sentence was modified by the court, on its own motion, by changing the sentence from five years to 60 days.

With reference to defendant's plea in the present case that he had been previously convicted in the federal court of the charge herein, the superior court found the ''former conviction in this matter not true.'' In the present case,

the defendant was sentenced to state prison—the sentence to run concurrently with the sentence in the former superior court case of conviction of pimping, a felony (wherein probation was revoked).

Appellant contends that by reason of the trial herein he was twice in jeopardy for the same offense. He argues that the federal charge and the state charge are identical in character and that the same robbery underlies both charges; that although the federal charge involved national bank funds which were federally insured, the act of defendant which constituted the robbery under the federal charge was the same act which constituted the robbery under the state charge; and that the conviction in the federal court was a bar to the prosecution in the state court.

As above shown, the federal indictment alleged that on or about December 10, 1954, in Los Angeles County, California, the defendant by intimidation wilfully took from the presence of Ida Holland approximately $950 belonging to the Citizens National Bank of Los Angeles, which was a bank whose deposits were insured by the Federal Deposit Insurance Corporation; and that in committing said offense defendant assaulted Ida Holland by the use of a dangerous weapon, namely, a revolver.

Also as above shown, the state information alleged that on or about December 10, 1954, in Los Angeles County, California, defendant unlawfully and by means of force and fear took from the presence of Ida Holland $700 in lawful money of the United States.

It is conceded, and the evidence shows, that the act of defendant in taking money on December 10, 1954, from the presence of Ida Holland by putting her in fear was the act upon which both prosecutions (federal and state) were based. There was only one robbery involving Ida Holland. Both prosecutions related to the same Ida Holland and to the same taking of the same money from her at the same time and place. (With reference to the money being the same money, the defendant pleaded guilty in the federal court to taking $950 from her; and the evidence in the state court shows that the officers found about $720 of the stolen money in defendant's home, and that defendant said he had spent about $200 of the stolen money.)

The robbery was an offense against the United States (Bank Robbery Act, 18 U.S.C., § 2113), and it was also an offense

against the State of California (Cal. Pen. Code, §§ 211, 213). Prior to the enactment of the Bank Robbery Act by the United States in 1934, the crime of robbery of a national bank was punishable only under state law. (See *Jerome* v. *United States* (1942), 318 U.S. 101 [63 S.Ct. 483, 87 L.Ed. 640].)

In 48 American Law Reports 1106 (annotation) it is said: ''The weight of authority, as shown by the earlier annotations . . . is to the effect that, since the same act may constitute an offense against both Federal and state laws, an acquittal or conviction in one jurisdiction will not prevent prosecution in the other. The question has now, it would seem, been authoritatively settled by the decision of the Federal Supreme Court in the reported case'' of *Hebert* v. *Louisiana* (1926), 272 U.S. 312 [47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 1102]. It was said further in that annotation (p. 1106): ''In that decision [*Hebert* v. *Louisiana*], the court takes the view that the constitutional rule against double jeopardy, being limited to repeated prosecutions 'for the same offense,' is not infringed by prosecution and punishment in both the Federal and the state courts for an act which is denounced as a criminal offense both by the Federal and the state laws, as thereby two distinct offenses are committed, one against the United States and one against the state.'' In *United States* v. *Lanza* (1922), 260 U.S. 377 [43 S.Ct. 141, 67 L.Ed. 314], wherein the question was whether a conviction in a state court (state of Washington) of unlawfully manufacturing, transporting and possessing intoxicating liquor was a bar to a prosecution in the federal court for unlawfully manufacturing, transporting and possessing the same liquor, it was held that the state conviction was not a bar to federal prosecution. In the opinion in that case, which was delivered by Chief Justice Taft, it was said (p. 382, U.S.): '' [A]n act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both, and may be punished by each. The 5th Amendment, like all the other guaranties in the first eight amendments, applies only to proceedings by the Federal government [citation], and the double jeopardy therein forbidden is a second prosecution under authority of the Federal government after a first trial for the same offense under the same authority. Here the same act was an offense against the state of Washington, because a violation of its law, and also an offense against the United States under the National Prohibition Act. The

defendants thus committed two different offenses by the same act, and a conviction by the court of Washington of the offense against that state is not a conviction of the different offense against the United States, and so is not double jeopardy." In *Jerome* v. *United States* (1942), 318 U.S. 101 [63 S.Ct. 483, 87 L.Ed. 640], a federal indictment charged that the accused entered a national bank in Vermont with the intent to utter a forged note and thereby defraud the bank. The question therein was whether such act of the accused was a felony within the provisions of a certain federal statute. Under the law of Vermont, the utterance of a forged note was a felony. It was held therein that such act was not a federal offense; but, in discussing matters pertaining to the interpretation of the federal statute, the court said (p. 104) : "Since there is no common law offense against the United States . . . the administration of criminal justice under our federal system has rested with the states, except as criminal offenses have been explicitly prescribed by Congress. We should be mindful of that tradition in determining the scope of federal statutes defining offenses which duplicate or build upon state law. In that connection it should be noted that the double jeopardy provision of the Fifth Amendment does not stand as a bar to federal prosecution though a state conviction based on the same acts has already been obtained. See *United States* v. *Lanza* [*supra*] . . . *Hebert* v. *Louisiana* [*supra*]. . . ." In *In re Morgan* (1948), 80 F.Supp. 810, a state bank in Iowa, which was a member of the Federal Deposit Insurance Corporation, was robbed. The question therein was whether Iowa or the United States should have priority in prosecuting the alleged robber, Morgan. It was not questioned therein that both were entitled to prosecute him. The court said (p. 816) : "The crime charged against Morgan by the State of Iowa is a separate and distinct crime from that charged against him by the United States. The conviction or acquittal of Morgan on the state charge would not absolve or exonerate him on the federal charge, or vice versa."

It thus appears that the general rule is that the same act may constitute different offenses, one against the United States and one against the state; and that a conviction or acquittal, based on that act, in one of those jurisdictions will not be a defense to a prosecution, based on that act, in the other jurisdiction. An exception to that rule, based on state

statute, is referred to hereinafter. In the United States Supreme Court cases and the other federal case, above cited, it does not appear that any state involved in those cases (Louisiana, Washington, Vermont, and Iowa) had a state statute which provided contrary to the general rule. In *United States* v. *Lanza, supra*, 260 U.S. 377, it was indicated that a federal prosecution for an act, as to which there had been a state prosecution, could be barred by proper federal legislation. It was said therein (p. 385): "If Congress sees fit to bar prosecution by the Federal courts for any act when punishment for violation of state prohibition [statutes] has been imposed, it can, of course, do so by proper legislative provision; but it has not done so." Likewise, a state prosecution for an act, as to which there has been a federal prosecution, can be barred by proper state legislation. (See *Henderson* v. *State*, 30 Ariz. 113, 117-118 [244 P. 1020, 1021].) Therefore, an exception to the above-mentioned general rule is where there is a state statute which provides that a previous conviction or acquittal in a federal prosecution is a defense in a state prosecution.

In summary, it appears that the offense charged in the present case and the offense charged in the federal case against this defendant were separate offenses; and that the conviction in the federal case was not a defense in the present case, unless under statutory provision in California such a conviction is a defense.

Section 656 of the Penal Code of California provides: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another state, government, or country, founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense." It does not appear that this section has been construed by a court of review in California. New York has a similar statute (Penal Law of New York, § 33).[1]

In *People* v. *Spitzer* (1933), 148 Misc. 97 [266 N.Y.S. 522], the defendants were convicted in the federal court of con-

---

[1]Penal Law of New York, § 33, provides: "Whenever it appears upon the trial of an indictment, that the offense was committed in another state or country, or under such circumstances that the courts of this state or government had jurisdiction thereof, and that the defendant has already been acquitted or convicted on the merits upon a criminal prosecution under the laws of such state, or country, founded upon the act or omission in respect to which he is upon trial, such former acquittal or conviction is a sufficient defense."

spiring to injure and oppress voters by depriving them of their electoral rights; and they were charged in the state court with making a false canvass in the performance of their duties as election inspectors. The matter before the court was a motion to dismiss the state charge on the ground of double jeopardy. The court said (p. 528 [266 N.Y.S.]): "The defendants participated in but a single transaction, and the acts for which they are indicted here are precisely and exclusively the facts upon which they were convicted and sentenced in the federal court. It is the spirit and purpose of the laws of New York that for the same acts and upon the same evidence a defendant shall not be twice put in jeopardy. The former conviction in the federal court is a bar to a further prosecution of the indictment here."

In *People* v. *Mangano* (1945), 269 App.Div. 954 [57 N.Y. S.2d 891], the defendant had been convicted of larceny in the federal court and had been convicted of burglary and petty larceny in the state court. The petty larceny conviction in the state court involved the same property that was involved in the larceny conviction in the federal court. The state court, citing said section 33 of Penal Law, set aside the petty larceny conviction and dismissed the count charging petty larceny.

In *People* v. *Parker* (1941), 175 Misc. 776 [25 N.Y.S.2d 247], it was said (p. 253 [25 N.Y.S.2d]): "It is true that in the Federal indictment involved in the matter under consideration there was the additional element to transport the kidnaped person in interstate commerce; but it does not impress me that such additional element negatives the contention that the essential acts of defendants to a conviction in both jurisdictions are identical. The kidnaping of Wendel underlies both charges."

In *People* v. *Adamchesky* (1945), 184 Misc. 769 [55 N.Y. S.2d 90], the defendant had been convicted in the federal court of transporting in interstate commerce cigarettes that had been stolen. The state charged the defendant with grand larceny of the same cigarettes. Defendant made a motion to dismiss the state charge under said section 33 of the Penal Law. The motion was denied, but the court said in effect that under the facts therein the offenses were distinguishable —that the gist of the state charge was the stealing of the cigarettes, and the gist of the federal charge was transporting the stolen cigarettes in interstate commerce.

Oklahoma has a statute similar to section 656 of the Penal Code of California (21 O.S., § 25).[2] In *State* v. *Mills*, 82 Okla.Cr. 155 [163 P.2d 558, 571, 167 P.2d 669], the court said at page 189: " 'Our statute above quoted (21 O.S. 1941 § 25) is susceptible of but one construction. And a conviction in a federal court for the same act as charged in a prosecution in a state court is a conviction under the laws of another "government" within the meaning of the statute; and by virtue of the statute alone such conviction is a complete defense to a prosecution for the same act or omission in the courts of this state.' "

In the present case, in considering the applicability of said section 656 of the Penal Code of California, the question arises as to whether the previous federal conviction was "founded upon the act" in respect to which the defendant was thereafter tried in the state court. Under the provisions of said section 656, if the federal conviction was "founded upon" that act then the fact that there was such a previous conviction is a sufficient defense to the state charge. ▮ As above shown, the federal prosecution and the state prosecution related to the one robbery involving the same Ida Holland, and both prosecutions related to the same taking of the same money at the same time and place. The only additional element involved in the federal prosecution was that the money belonged to a national bank whose deposits were federally insured. That additional element, regarding the status of title to or insurance on the money, pertained to the matter of jurisdiction of the federal court, and it did not pertain to any activity on the part of defendant in committing the robbery. The physical act or conduct of defendant in taking the money was the same whether the robbery be considered as a federal offense or a state offense. All the acts constituting the state offense were included in the federal offense and were necessary to constitute the federal offense. It is clear that, within the meaning of said section 656, the federal conviction was "founded upon the act" in respect to which the defendant was tried in the present case. It appears, as a matter of law, that the previous federal conviction is a sufficient defense in the present case.

---

[2]21 O. S., § 25, provides: "Whenever it appears upon the trial that the accused has already been acquitted or convicted upon any criminal prosecution under the laws of another State, government or country, founded upon the act or omission in respect to which he is upon trial, this is a sufficient defense."

Circumstances under which the federal judge reduced the federal sentence to 60 days are stated in his opinion in *United States* v. *Candelaria,* 131 F.Supp. 797. Although the modified sentence seems inadequate under the present circumstances, it is to be noted that defendant's probation on the prior state conviction (pimping) was revoked and defendant was committed to state prison to serve the sentence on that conviction.

The judgment is reversed, and the superior court is directed to determine, as a matter of law, that the previous federal conviction is a sufficient defense.

Shinn, P. J., and Vallée, J., concurred.