[No. C001044. Third Dist. Oct. 6, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
BRUCE ERIC BROWN et al., Defendants and Appellants.

[Opinion certified for partial publication.*]

---

*Pursuant to rule 976.1 of the California Rules of Court, all portions of this opinion shall be published except parts II through VIII of the Discussion.

COUNSEL

Duncan G. Wright, Bobbie Stein, Susan G. Townsend, Daryl B. Katcher and Lawrence A. Morse, under appointments by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, J. Robert Jibson and Cynthia G. Besemer, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, J.—Defendants Bruce Eric Brown, Robert Lorin Andersen, Ronald Ray Parcell, Gail Lizabeth Dippel, and Cheryl Elaine Hadley appeal from judgments entered after the trial court found them guilty of one count of burglary. (Pen. Code, § 459.)[1]

In March 1983, defendants Parcell and Andersen attended meetings in Nevada where they planned to burglarize a jewelry store in Grass Valley, California. Unbeknownst to defendants, another man attending the meetings was a Federal Bureau of Investigation (FBI) informant who alerted the FBI.

Parcell and Andersen then made several trips to Grass Valley to visit the jewelry store. On one trip, they successfully tested a key to turn off the burglar alarm.

On April 3, 1983, all the defendants held a last-minute planning session at a hotel in Reno. Present at the meeting was an undercover FBI agent. A hidden tape recorder recorded the meeting.

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

The defendants then traveled in a van and a Cadillac to Grass Valley. They were arrested in the vicinity of the jewelry store shortly after defendants Andersen and Brown entered the store to steal jewelry. When arrested, defendant Hadley was sitting in the Cadillac holding a CB radio microphone. The radio was to be used to communicate with Andersen, Brown and Parcell via a radio in the van and walkie-talkies. Defendant Dippel was sitting in the driver's seat of the Cadillac.

Defendants were convicted in federal district court in Nevada of conspiring to transport in interstate commerce stolen property valued in excess of $5,000. (18 U.S.C. §§ 371, 2314.)[2]

Defendants were then prosecuted for burglary (§ 459) in Nevada County Superior Court. Each entered a plea asserting any conviction in California was barred by section 656.[3] After a court trial, defendants were found guilty of burglary.

On appeal defendants assert a variety of errors.[4] In this published portion of the opinion, we reject defendants' contention their California convictions were barred by section 656. In an unpublished portion of this opinion we conclude an amended abstract of judgment must be prepared for defendant Parcell but the remainder of defendants' contentions are without merit. We therefore affirm the judgments.

---

[2] The federal conspiracy statute provides in pertinent part that "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both." (18 U.S.C. § 371.)

[3] Section 656 provides: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another State, Government, or country, founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense."

[4] Andersen and Parcell contend their convictions must be reversed because the prosecution failed to provide information about a material witness at trial. Andersen contends he should have been permitted to offer evidence he was susceptible to entrapment. Brown contends he was unlawfully entrapped by an FBI agent and an informant. Parcell contends his motion to strike the testimony of a rebuttal witness should have been granted, and his case must be remanded for resentencing. Hadley contends the evidence is insufficient to sustain her conviction. Dippel contends her case must be remanded for resentencing because the trial court failed to state reasons for making her sentence to county jail, imposed as a condition of probation, consecutive to the term imposed for her federal conviction.

DISCUSSION

I

*Defendants' convictions for burglary were not barred by section 656.*

■ The prohibition on double jeopardy in the federal Constitution does not bar prosecution and conviction for the same act by both federal and state governments. (*Abbate* v. *United States* (1959) 359 U.S. 187, 194-195 [3 L.Ed.2d 729, 734, 79 S.Ct. 666]; *Bartkus* v. *Illinois* (1959) 359 U.S. 121, 136 [3 L.Ed.2d 684, 694, 79 S.Ct. 676]; *People* v. *Belcher* (1974) 11 Cal.3d 91, 96-97 [113 Cal.Rptr. 1, 520 P.2d 385]; see *Heath* v. *Alabama* (1985) 474 U.S. 82, 89 [88 L.Ed.2d 387, 394, 106 S.Ct. 433]; *People* v. *Comingore* (1977) 20 Cal.3d 142, 144-145 [141 Cal.Rptr. 542, 570 P.2d 723].)

Nonetheless, in California, protection from dual convictions in state and federal courts for the same act is afforded by section 656. (*Comingore, supra*, 20 Cal.3d at pp. 145-146; *Belcher, supra*, 11 Cal.3d at p. 97; *People* v. *Walker* (1981) 123 Cal.App.3d 981, 984 [177 Cal.Rptr. 147].) That statute precludes conviction in this state where defendant has been previously acquitted or convicted in another jurisdiction in a prosecution "founded upon the act or omission in respect to which he is on trial" in California. (See fn. 3, *ante*.)

■ It is settled that the "act" referred to in section 656 means the physical act or conduct of the defendant for which he is prosecuted. (*Comingore, supra*, 20 Cal.3d at p. 147.) Thus, a defendant convicted of robbery in federal court cannot be later convicted of the identical robbery in state court. (*People* v. *Candelaria* (1956) 139 Cal.App.2d 432, 440 [294 P.2d 120], approved in *Belcher, supra*, 11 Cal.3d at pp. 98-99.) However, the same defendant, convicted of robbery in federal court, can later be convicted of burglary in state court, because "The burglary act . . . that is, the entering of the building with the intent to commit a theft, is not the same act complained of in the federal court, namely, that he pointed a gun at the teller and by force and fear compelled her to deliver over to him certain monies." (*People* v. *Candelaria* (1957) 153 Cal.App.2d 879, 884 [315 P.2d 386], approved in *Belcher, supra,* 11 Cal.3d at p. 99.) These rules are not disputed here.

■ At issue is when a prior prosecution has been "*founded upon the act* . . . in respect to which [defendant] is on trial" within the meaning of section 656. (Italics added.) Our Supreme Court addressed the issue in *Belcher, supra*, 11 Cal.3d 91. There, the defendant had been charged with but acquitted in federal court of an assault with a firearm upon a federal

narcotics agent. He was then prosecuted in state court for a variety of offenses arising out of the same incident, including violation of section 245, subdivision (a), assault with a deadly weapon on the federal agent.

Concluding the defendant's conviction for assault with a deadly weapon violated section 656, the *Belcher* court ruled that, under section 656, "a defendant may not be convicted after a prior acquittal or conviction in another jurisdiction if all the acts constituting the offense in this state were necessary to prove the offense in the prior prosecution [citation]; however, a conviction in this state is not barred where the offense committed is not the same act but involves an element not present in the prior prosecution." (*Belcher, supra,* 11 Cal.3d at p. 99, followed in *Comingore, supra,* 20 Cal.3d at p. 146.)

Although unclear, this language could suggest that the bar of section 656 would apply where all acts constituting the state offense were *necessary* to prove the prior federal offense even though the acts might not be *sufficient* to prove the federal offense. Put differently, the bar of section 656 could apply even though the federal prosecution required proof of an act not at issue in the state prosecution.

However, after stating the rule quoted above, the *Belcher* opinion immediately addresses the Attorney General's argument that section 656 could not apply because the acts constituting the state prosecution were not *sufficient* to prove the prior federal offense: "The Attorney General argues, however, that the federal offense requires proof of an additional *element* which is not required under the state offense—that is, that the assault was made upon a *federal officer*. Therefore, it is urged, the acquittal in the federal court does not preclude, under the aforementioned test, a subsequent state conviction for simple assault with a deadly weapon.

"A similar argument was rejected in *People* v. *Candelaria, supra,* 139 Cal.App.2d at page 440. As the court there stated, '[t]he only additional element involved in the federal prosecution was that the money belonged to a national bank whose deposits were federally insured. That additional element, regarding the status of title to or insurance on the money, pertained to the matter of jurisdiction of the federal court, and it did not pertain to any activity on the part of defendant in committing the robbery. The physical act or conduct of defendant in taking the money was the same whether the robbery be considered as a federal offense or a state offense.' Similarly, in this case, conviction of the federal offense required proof of no additional *act* on the part of defendant; it merely required proof of the status of the victim for jurisdictional purposes. Thus, under the test outlined above, section 656 is a sufficient defense to the charge of assault with a

deadly weapon upon Officer Johnson set forth in the third count of the amended information." (*Belcher, supra,* 11 Cal.3d, at pp. 99-100, fns. omitted, original italics.)

This discussion in *Belcher,* echoing that in the first *Candelaria* case, plainly assumes that had the prior federal prosecution required proof of an act not required in the state prosecution, section 656 would have been inapplicable. Otherwise, the court would have dismissed the Attorney General's argument as irrelevant. Moreover, in *Comingore, supra,* 20 Cal.3d at page 147, the court reiterated *Belcher's* analysis of the Attorney General's argument. We therefore infer from these discussions that under section 656 a prior prosecution has been "founded upon the act or omission in respect to which [a defendant] is on trial" only where the acts necessary to prove the serial offenses are the same.

We also think this construction of the statute produces a just result. Unlike section 793,[5] which bars serial prosecutions, section 656 bars only serial convictions. (*Comingore, supra,* 20 Cal.3d at p. 148.) The apparent fairness rationale of section 656 lies in its prohibition upon multiple convictions for the same wrongful conduct.[6] This rationale has no validity where successive convictions are premised on different wrongful acts. If the prior federal conviction was premised upon a separate act not necessary to obtain the California conviction, then defendants were not serially convicted for the same wrongful conduct.

This is the case here. Under federal law, the "gist" of the conspiracy offense is an unlawful agreement among the conspirators. (*Braverman* v. *United States* (1942) 317 U.S. 49, 53 [87 L.Ed. 23, 28, 63 S.Ct. 99].) Thus, "it is the unlawful agreement and not the overt act which is punished in a conspiracy; . . ." (*Toliver* v. *United States* (9th Cir. 1955) 224 F.2d 742, 744.) Here, the crucial act for which defendants were prosecuted and convicted in federal court was their agreement in Nevada to commit the California burglary. However, nothing in the record suggests the Nevada agreement was an act necessary to obtain the conviction of any defendant for burglary of the California store.

Under California law the crime of burglary is committed when one enters a place described in section 459 with the intent to commit larceny or any

[5] Section 793 provides: "When an act charged as a public offense is within the jurisdiction of another state or country, as well as of this state, a conviction or acquittal thereof in the former is a bar to the prosecution or indictment therefor in this State."

[6] In this respect, the bar of section 656 is broader than section 654, which prohibits multiple punishments but not multiple convictions. (*People* v. *Pearson* (1986) 42 Cal.3d 351, 359-360 [228 Cal.Rptr. 509, 721 P.2d 595].) Contrary to the contention of defendant Brown, section 654 does not apply in the context of successive prosecutions in separate jurisdictions. (*Belcher, supra,* 11 Cal.3d at p. 98.)

felony. (*People* v. *Brady* (1987) 190 Cal.App.3d 124, 133 [235 Cal.Rptr. 248].) ■ To be sure, one may be guilty of burglary without personally entering a place. "[S]ection 31 defines, as principals in a crime, all persons who 'directly commit the act constituting the offense, or aid and abet *in* its commission. . . .' (Italics added.) As a principal, the same culpability and the same punishment attach to an aider and abettor as to one who directly commits it. *People* v. *Beeman* (1984) 35 Cal.3d 547 [199 Cal.Rptr. 60, 674 P.2d 1318] holds that a person aids and abets the 'commission of a crime' (p. 561; see *People* v. *Rogers* (1985) 172 Cal.App.3d 502, 515 and 515, fn. 17 [217 Cal.Rptr. 809]) when he aids the perpetrator of an offense, knowing the perpetrator's unlawful purpose and intending by his act of aid to facilitate the offense. This doctrine snares all who intentionally contribute to the accomplishment of a crime in the net of criminal liability defined by the crime, even though the actor does not personally engage in all of the elements of the crime." (*Id.,* at p. 132.)

■ The record contains an abundance of evidence (derived entirely from events occurring in California) sufficient for defendants' burglary convictions apart from the Nevada agreement. Thus, defendants Andersen and Brown personally entered the store with the intent to commit larceny. Defendant Parcell aided and abetted the burglary by traveling to Grass Valley and by testing a key to turn off the burglar alarm. Defendant Hadley aided and abetted the burglary by acting as a look-out and defendant Deppel was ready to drive one of the getaway cars.

Nothing in the record suggests the trial court relied upon the Nevada agreement, rather than upon the previously described acts, in convicting defendants of burglary. In rejecting defendants' section 656 defense, the trial court merely stated it had considered the transcript of the federal trial and concluded, "The Court finds that plea is not valid, and therefore is not allowed." ■ The trial court's judgment is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown. (*Corenevesky* v. *Superior Court* (1984) 36 Cal.3d 307, 321 [204 Cal.Rptr. 165, 682 P.2d 360]; *People* v. *Farrara* (1956) 46 Cal.2d 265, 268-269 [294 P.2d 21]; *People* v. *Blackwood* (1983) 138 Cal.App.3d 939, 949 [188 Cal.Rptr. 359].) ■ Here, in the absence of a record showing to the contrary, we must presume that since the trial court rejected defendants' section 656 defense, it relied upon acts other than the Nevada agreement to convict defendants of burglary. Defendants have failed to show error by the trial court.

II-VIII*

. . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

As to each defendant, the judgment is affirmed. As to defendant Parcell, the trial court is directed to prepare an amended abstract of judgment in accordance with California Rules of Court, rule 451(b), and to forward a copy to the Department of Corrections.

Evans, Acting P. J., concurred.

**BLEASE, J.,** Concurring and Dissenting.—I concur in the judgment and the opinion of the court except as to part I.

At issue is whether a prosecution for an offense in another jurisdiction is a bar to prosecution in California for an offense "founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted . . . ." (Pen. Code, § 656.) Specifically, it is whether a federal prosecution for conspiracy to transport stolen property in interstate commerce is a bar to a California prosecution for the burglary from which the stolen property was to be obtained.

The difficulty in the analysis arises from the circumstance that the facts used to show the burglary may also have been used to show the overt act used to prove the federal conspiracy offense. *People* v. *Belcher* (1974) 11 Cal.3d 91 [113 Cal.Rptr. 1, 520 P.2d 385] says that a California prosecution is barred under Penal Code section 656 if "all the acts constituting the offense in this state were necessary to prove the offense in the prior prosecution (*People* v. *Candelaria* [(1956)] 139 Cal.App.2d 432, 440 [294 P.2d 120]); however, a conviction in this state is not barred where the offense committed is not the same act but involves *an element* not present in the prior prosecution. (*People* v. *Candelaria* [(1957)] 153 Cal.App.2d 879, 884 [315 P.2d 386].)" (*Id.*, at p. 99, italics added.) Hence, it is argued here that the prosecution is barred because all of the acts constituting the burglary were necessary to prove the conspiracy offense in the prior federal prosecution.

The opinion suggests that the argument fails because the federal conspiracy offense requires the distinct "fact" of an unlawful agreement. I think not.

---

*See footnote, *ante*, page 1444.

Rather, that "fact" is material to the convergence of the offenses only with respect to the object of the agreement, the interstate transportation of stolen property to be obtained from the burglary. What is critical is the nature of the target crime[s] addressed by the agreement. (Cf. *In re Romano* (1966) 64 Cal.2d 826, 828-829 [51 Cal.Rptr. 910, 415 P.2d 798].) The failure of convergence lies in the fact that the elements of interstate transportation of stolen property and burglary differ.

The conceptual snarl would unravel if the defendants had succeeded in accomplishing the aim of their conspiracy, i.e., if they had succeeded in transporting the fruits of the burglary in interstate commerce. The material facts necessary for proof of the federal offense would then be clearly seen as distinct from the material facts necessary to show a burglary. For the federal offense the actus reus of interest is the transportation of ill-gotten goods in interstate commerce. For burglary it is the entry into a defined structure. The gist of these offenses is different and successive prosecutions are not barred by section 656. (Cf., *People* v. *Adamchesky* (1945) 55 N.Y.S.2d 90 [55 N.Y.S.2d 90]: state larceny prosecution not barred by prior federal prosecution for conspiracy to transport and transport of stolen property in interstate commerce; see generally, *People* v. *Christenbery* (1959) 167 Cal.App.2d 751 [334 P.2d 978]: gist of federal offense distinct from Pen. Code, § 497.) Each offense requires proof of a fact not required by the other. Hence, the "same evidence" test for distinguishing prosecutions is met. (See e.g., Miller, Double Jeopardy and the Federal System (1968) pp. 105-106; see generally *Gavieres* v. *United States* (1911) 220 U.S. 338 [55 L.Ed. 489, 31 S.Ct. 421].)

In my view, for purposes of section 656, a prior conspiracy prosecution should be viewed as if it had come to fruition. The incidental convergence of offense and overt act is an accidental byproduct of the requirements of proof of a conspiracy. If the purpose of the agreement constituting the conspiracy were (simply) to accomplish the burglary, the harm to which that offense is directed would be the same as the harm addressed by treating those who "encourag[e] its commission" as principals in a California offense. (Cf. *People* v. *Washington* (1965) 62 Cal.2d 777, 782 [44 Cal.Rptr. 442, 402 P.2d 130] ["common design"].) If the policy which informs section 656 is to preclude double punishment for essentially the same conduct, this concern would assume critical importance.

This latter point leads me to part company with the opinion's view that the construction of section 656 predicated upon *Belcher* and *Candelaria* necessarily "produces a just result." The criticism of the *Candelaria* cases in the comment to Model Penal Code section 1.10 is well taken. (See Model Pen. Code & Commentaries, part I, § 1.10, pp. 170-171 and 171, fn. 5;

Miller, Double Jeopardy, *supra*, pp. 115-117.) It is not just to retry or to repunish what is essentially the same criminal behavior.[1] For lack of a better solution, if I were writing on a clean slate I would construe "act or omission" in section 656 along the lines suggested in *People* v. *Cooper* (1976) 398 Mich. 450 [247 N.W.2d 866] (see Model Pen. Code, p. 171, fn. 6) or in the Model Penal Code, i.e., to bar retrial "unless (a) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent substantially different harm or evil . . . ." (See Model Pen. Code, § 1.10, subd. (1)(a).) However, that possibility is foreclosed by the endorsement of the *Candelaria* cases in *Belcher*.

Appellants' petitions for review by the Supreme Court were denied January 19, 1989.

---

[1] Concurrent sentencing or other flexibility in the sentencing process may ameliorate any injustice. However, given the rigid constraints of the determinate sentencing scheme on trial court discretion, the prospect of multiple punishment is still significant.