[No. C049291. Third Dist. Feb. 15, 2007.]

THE PEOPLE, Plaintiff and Appellant, v.
CHRISTOPHER STEPHEN BELLACOSA, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, John G. McLean and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Appellant.

Law Office of Steven Bailey and Steven C. Bailey for Defendant and Respondent.

**OPINION**

**SCOTLAND, P. J.**—Having evaded a pursuing deputy sheriff in South Lake Tahoe by crossing the border into Nevada, defendant Christopher Stephen Bellacosa evaded prosecution in California when the El Dorado County Superior Court dismissed a complaint charging him with felony driving under the influence of alcohol (DUI) and eluding a peace officer while driving with willful and wanton disregard for the safety of persons and property. The court ruled that because defendant was convicted in Nevada for DUI and attempting to elude Nevada officers who took up the chase after he crossed the border, his prosecution in California is barred by Penal Code section 656, which states the fact that a defendant has been acquitted or convicted in federal court, or in a court of another state or territory of the United States, "based upon the act or omission in respect to which he or she is on trial" in California, the prior acquittal or conviction is a "sufficient defense" to the crime charged in California. (Further section references are to the Penal Code unless otherwise specified.)

The People appeal from the dismissal of the complaint and from the denial of their motion to reinstate the complaint. (§ 1238, subd. (a)(9).) We shall direct the trial court to have the complaint reinstated.

■ As we will explain in the published part of our opinion, in considering whether a California prosecution is barred by a prior conviction or acquittal in another jurisdiction, courts look solely to the physical acts necessary for conviction in each jurisdiction. If proof of the same physical act or acts is required in each jurisdiction, then the California prosecution is barred. However, if the offenses require proof of different physical acts, then the California prosecution is not barred even though some elements of the offenses may overlap.

■ Here, the physical acts defendant committed in California are not the same physical acts he committed in Nevada. His California crimes were complete, and came to an end, when he entered Nevada. His actions in California were neither necessary nor sufficient to prove his Nevada offenses, and his actions in Nevada were neither necessary nor sufficient to prove his California offenses. ■ Even though defendant engaged in a continuous course of conduct during which he first violated laws of California and then violated laws of Nevada, California's Supreme Court has rejected a course-of-conduct rule for the application of section 656.

In the unpublished part of the opinion, we conclude that the dismissal of the complaint was subject to a motion to reinstate the complaint. (§ 871.5.)

## FACTS AND PROCEDURAL BACKGROUND

For purposes of defendant's motion to dismiss the complaint, the parties stipulated to the following facts: In El Dorado County, California, a sheriff's deputy saw defendant's vehicle being driven with its lights off after dark. Defendant switched on the lights after the deputy turned his patrol car around and followed the vehicle. After observing defendant swerve back and forth between lanes and into the bike lane, the deputy activated the emergency lights and air horn of his patrol car. When defendant failed to stop, the deputy turned on his siren. Defendant increased his speed, made numerous lane changes, and illegally passed traffic at speeds up to 75 miles per hour. After running a red light, he drove across the border into Nevada, where officers of that state took up the pursuit. Driving at speeds up to 80 miles per hour, defendant eventually lost control of his vehicle, struck a guardrail, and was apprehended. Defendant, who had "physical symptoms consistent with intoxication," told Nevada authorities that he "wasn't going to stop for any cop who was just pulling him over for driving without headlights."

Defendant, who had a prior DUI conviction, was charged in El Dorado County with felony DUI and evading a peace officer while driving with willful and wanton disregard for the safety of persons and property. The complaint also alleged that defendant had a prior conviction for a serious felony within the meaning of California's three strikes law and had served two prior prison terms. He also was charged in the State of Nevada with various driving offenses during the pursuit across state lines.

Prior to arraignment on the California charges, defendant pled no contest in Nevada to misdemeanor charges of DUI and attempting to evade a police officer.

At his arraignment in the El Dorado County Superior Court, defendant entered a plea of once in jeopardy. At his preliminary hearing, he sought dismissal of the California prosecution on the ground that the charges are barred by sections 656 and 793 because of his convictions for the driving offenses in Nevada. Ruling that the California charges are precluded by section 656, the magistrate dismissed the complaint. The superior court denied the People's motion for reinstatement of the complaint.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

The double jeopardy clause of the Fifth Amendment to the United States Constitution does not preclude multiple convictions in different sovereign jurisdictions for the same criminal act. (*Heath v. Alabama* (1985) 474 U.S. 82, 93 [88 L.Ed.2d 387, 397, 106 S.Ct. 433].) However, a state can provide greater double jeopardy protection than is afforded by the federal Constitution. (*People v. Comingore* (1977) 20 Cal.3d 142, 145 [141 Cal.Rptr. 542, 570 P.2d 723] (hereafter *Comingore*).) California has done so by statute.

Section 656 states: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of the United States, or of another state or territory of the United States based upon the act or omission in respect to which he or she is on trial, he or she has been acquitted or convicted, it is a sufficient defense."

Section 793 states: "When an act charged as a public offense is within the jurisdiction of the United States, or of another state or territory of the United States, as well as of this state, a conviction or acquittal thereof in that other jurisdiction is a bar to the prosecution or indictment in this state."

Parallel to section 656, Vehicle Code section 41400 states: "Whenever any person is charged with a violation of this code, it is a sufficient defense to such charge if it appears that in a criminal prosecution in another state or by

---

*See footnote, *ante*, page 868.

the Federal Government, founded upon the act or omission in respect to which he is on trial, he has been convicted or acquitted."

■ These three statutes use similar terms, and none is intended to provide greater protection than the other two. (*Comingore, supra*, 20 Cal.3d at p. 148.)

Decisional authorities demonstrate that in considering whether a California prosecution is barred by a prior conviction or acquittal in another jurisdiction, courts look solely to the physical acts that are necessary for conviction in each jurisdiction. If proof of the same physical act or acts is required in each jurisdiction, then the California prosecution is barred. If, however, the offenses require proof of different physical acts, then the California prosecution is not barred even though some of the elements of the offenses may overlap.

For example, *People v. Candelaria* (1956) 139 Cal.App.2d 432 [294 P.2d 120] (hereafter *Candelaria I*) considered the crime of Manuel Candelaria, who robbed a bank teller. Because the bank's funds were federally insured, the crime was federal bank robbery as well as robbery under California law. He was convicted of federal bank robbery and then was convicted of robbery in a California court. (*Id.* at pp. 433–434.) The Court of Appeal concluded the state conviction was barred by section 656 because "[a]ll the acts constituting the state offense were included in the federal offense and were necessary to constitute the federal offense." (*Candelaria I*, at p. 440.) The additional element in the federal proceeding, i.e., that the funds belonged to a national bank and were federally insured, pertained to the jurisdiction of the federal court and not to any activity on the part of Candelaria. (*Ibid.*) On remand, he was convicted in state court of burglary for his entry into the bank with the intent to steal. (*People v. Candelaria* (1957) 153 Cal.App.2d 879 [315 P.2d 386] (hereafter *Candelaria II*).) The Court of Appeal affirmed, concluding the defense of prior conviction or acquittal is not met simply because multiple crimes arose "from the same series of acts." (*Id.* at p. 884.)

*Candelaria II* held "[t]he 'act' spoken of in [section 656] must be 'the same act.' The burglary act complained of in [the state] case, that is, the entering of the building with the intent to commit a theft, is not the same act complained of in the federal court, namely, that he pointed a gun at the teller and by force and fear compelled her to deliver over to him certain monies." (*Candelaria II, supra*, 153 Cal.App.2d at p. 884.)

In *People v. Belcher* (1974) 11 Cal.3d 91 [113 Cal.Rptr. 1, 520 P.2d 385] (hereafter *Belcher*), a federal narcotics agent and an undercover agent of the Oakland Police Department believed they had arrangements for a narcotics purchase but instead were robbed at gunpoint by Vercil Belcher and a cohort. In federal court, Belcher was charged and acquitted of assault on a federal officer. He then was convicted in state court of assault with a deadly weapon and two counts of robbery. Our state Supreme Court held the assault conviction could not stand because it was based on the same act, "the same assault upon the same person," at issue in the federal prosecution. (*Id.* at pp. 99–100.) The fact that the victim was a federal officer was a jurisdictional issue and was not an additional act on Belcher's part. (*Ibid.*) The robbery convictions were proper, however, because they involved additional acts, the taking of personal property, not necessary for proof of the federal assault charge. (*Id.* at pp. 100–101.)

■ *Belcher* made it "clear" that the course-of-conduct rule, judicially applied to an "act or omission" within the meaning of section 654, does not apply to section 656. (*Belcher, supra,* 11 Cal.3d at pp. 97–98 & fn. 6.)[2] The Supreme Court emphasized that the *Candelaria* decisions "demonstrate the meaning to be given to the terms 'act or omission' as they are used in section 656." (*Belcher, supra,* 11 Cal.3d at p. 99.) A defendant may not be convicted in this state after a prior acquittal or conviction in another jurisdiction "if all the acts constituting the offense in this state were necessary to prove the offense in the prior prosecution," but may be convicted where the offense "is not the same act [because it] involves an element not present in the prior prosecution." (*Ibid.*)

■ In *Comingore, supra,* 20 Cal.3d 142, Gregory Comingore took a car in California without the owner's permission and drove it to Oregon. He was charged in Oregon with the unauthorized use of a vehicle and pled guilty to the crime. He was later charged in California with "grand theft auto and unlawful driving or taking of a vehicle." (*Id.* at p. 144.) On appeal, the People conceded the California charges were based on the same physical conduct as the Oregon charge, but argued the California charges included an additional element, i.e., the intent to permanently or temporarily deprive the owner of the car. (*Id.* at p. 146.) The Supreme Court held that intent is an element of a

---

[2] Section 654 prohibits multiple punishment as well as multiple prosecution in California courts. (*Belcher, supra,* 11 Cal.3d at p. 98.) It has been held to require that all offenses in which the same act or course of conduct plays a significant part must be prosecuted in a single proceeding unless joinder is prohibited or severance is permitted for good cause. (*Kellett v. Superior Court* (1966) 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206].) Section 654 has also been held to prohibit multiple punishment when a course of conduct violates more than one statute but is an indivisible transaction, determined by reference to the intent and objective of the actor. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].)

crime or public offense, but not of an act. (*Id.* at p. 148.) Thus, the California prosecution was barred by section 656. (20 Cal.3d at pp. 144, 148–149.)

■ *Comingore* makes it plain that the application of sections 656, 793, and Vehicle Code section 41400 depends on a comparison of the physical acts charged, and not the mental intent with which the acts are performed. (*Comingore, supra,* 20 Cal.3d at pp. 146–148.)

In *People v. Brown* (1988) 204 Cal.App.3d 1444 [251 Cal.Rptr. 889] (hereafter *Brown*), five individuals conspired in Nevada to burglarize a California jewelry store. They were convicted in federal court of conspiring to transport stolen property in interstate commerce; then they were convicted in state court of burglary. (*Id.* at pp. 1446–1447.) The burglary convictions were affirmed because there was abundant evidence of physical acts committed in California to support the burglary charges and no suggestion that the trial court relied on the Nevada conspiracy agreement in convicting them of burglary. (*Id.* at p. 1451.)

■ *Brown* noted "[i]t is settled that the 'act' referred to in section 656 means the physical act or conduct of the defendant for which he is prosecuted." (*Brown, supra,* 204 Cal.App.3d at p. 1448.) A prior conviction or acquittal in another jurisdiction will preclude a California prosecution and conviction "only where the acts necessary to prove the serial offenses are the same." (*Id.* at p. 1450.)

In *People v. Friedman* (2003) 111 Cal.App.4th 824 [4 Cal.Rptr.3d 273] (hereafter *Friedman*), the four defendants were involved in multistate crimes, including robbery, extortion, kidnapping, and drug dealing. As part of the criminal enterprise, two California victims were kidnapped for extortion and were later murdered. The defendants were charged in federal court with numerous offenses, including a violation of the federal "Travel Act," which prohibits travel in interstate or foreign commerce or the use of the mails or the facilities of interstate or foreign commerce with the intent to commit a crime of violence to further an unlawful activity if the defendant thereafter performs or attempts to perform such an act. (18 U.S.C. § 1952.) Following convictions in federal court for the Travel Act violation, they were charged in California with kidnapping for ransom and murder. (111 Cal.App.4th at pp. 826–830.) The Court of Appeal held that the federal convictions did not bar the California charges. The federal offense required interstate travel, which was not required to prove the California offenses. The California crimes required that the kidnapping and murder be completed, which was not necessary for proof of the federal offense. (*Id.* at pp. 836–837.)

*Friedman* thus emphasized that section 656 did not apply because the state and federal charges required different physical acts. (*Friedman, supra,* 111 Cal.App.4th at p. 837.)

We reiterate that all of the decisions summarized above hold that if the offense charged in another jurisdiction requires proof of physical acts different from the physical acts that constitute the offense charged in California, then the California prosecution is not barred by section 656 even though some of the elements of the offenses overlap.

Here, it is evident the physical acts defendant committed in California are not the same physical acts he committed in Nevada. In California, he drove while under the influence of alcohol and in a dangerous manner while evading a pursuing California peace officer. His California crimes were complete, and came to an end, when he entered Nevada. In Nevada, he drove while intoxicated and tried to elude pursuing Nevada peace officers. Those offenses did not begin until he left California, thus terminating his conduct in California. Defendant's actions in California would be neither necessary nor sufficient to prove his Nevada offenses. His actions in Nevada would be neither necessary nor sufficient to prove his California offenses.

This is demonstrated by the criminal complaints filed against defendant. The Nevada complaint to which he entered his pleas of no contest charged defendant with conduct "all of which occurred in Tahoe Township, County of Douglas, State of Nevada." The California complaint charged him with conduct "in the County of El Dorado."

It is true that defendant engaged in a continuous course of conduct during which he violated laws of both California and Nevada. But he did not violate the laws of both states simultaneously, and he did not do so by the same physical conduct. California's Supreme Court has rejected a course-of-conduct rule for application of the prior conviction or acquittal defense. (*Belcher, supra,* 11 Cal.3d at pp. 97–98 & fn. 6.)

We recognize that *Comingore, supra,* 20 Cal.3d 142, appears to provide some support for defendant's argument. There, the Supreme Court concluded that a California prosecution for "grand theft auto" and unlawful driving or taking a car was precluded by a prior Oregon conviction for unauthorized use of a vehicle. However, the ratio decidendi of the decision was that in determining whether a prior conviction or acquittal bars a California prosecution, courts disregard state of mind elements of the offenses and look to the physical acts at issue. (*Id.* at p. 148.) In *Comingore,* the

People conceded the California charges were based upon the same physical conduct as the Oregon offense, and the court accepted the concession without discussion. (*Id.* at p. 146.) "It is axiomatic, of course, that a decision does not stand for a proposition not considered by the court." (*People v. Harris* (1989) 47 Cal.3d 1047, 1071 [255 Cal.Rptr. 352, 767 P.2d 619]; see also *People v. Superior Court (Marks)* (1991) 1 Cal.4th 56, 65–66 [2 Cal.Rptr.2d 389, 820 P.2d 613].) In view of the prosecution's concession in that case, we do not consider *Comingore* as support for defendant's argument that his Nevada offenses and California offenses were based upon the same physical conduct.

There is an additional reason for rejecting defendant's affirmative defense with respect to the charge of eluding a peace officer.

In Nevada, he was charged with attempting to elude a peace officer as a misdemeanor, a crime that is committed by "the driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a peace officer in a readily identifiable vehicle of any police department or regulatory agency, when given a signal to bring his vehicle to a stop." (Nev. Rev. Stat. § 484.348(1).) Defendant was not charged with attempting to elude a peace officer as a felony, which would include operating the motor vehicle in a manner which endangers or is likely to endanger other persons or property. (Nev. Rev. Stat. § 484.348(3)(b).)

In California, he was charged with eluding a peace officer as a felony, a crime that requires driving with willful and wanton disregard for the safety of persons and property, which may be shown through proof of three or more violations that are assigned a traffic violation point count under Vehicle Code section 12810. (Veh. Code, § 2800.2, subd. (b).) The stipulated facts demonstrate that the prosecution in California will seek to prove that, in addition to driving under the influence of alcohol, defendant sped, made illegal lane changes, illegally passed traffic in the center turn lane, and ran a red light. These acts were performed entirely in California. They were not charged in Nevada and were in fact irrelevant to the Nevada charge. The physical acts that are at issue in California, but were not at issue in Nevada, preclude application of the prior conviction or acquittal defense.

For all the reasons stated above, defendant's convictions in Nevada for his conduct in Nevada do not preclude his prosecution in California for his conduct in California.

## DISPOSITION

The order of the superior court denying the People's motion to reinstate the criminal complaint pursuant to section 871.5 is reversed, and the court is directed to enter a new order granting the motion.

Sims, J., and Nicholson, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 9, 2007, S150884.