**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 34269**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2009 Opinion No. 49** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 24, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TYSON E. MADDEN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Judgment of conviction for eluding a police officer and driving under the influence of alcohol, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Tyson E. Madden appeals from his judgment of conviction. Specifically, he appeals from the district court's order denying his motion to dismiss. We affirm.

**I.**

**BACKGROUND**

On May 26, 2006, just before midnight, Idaho State Police Trooper Michael Lininger observed a red pickup truck traveling northbound on Highway 95 without headlights. Trooper Lininger activated his patrol car's emergency lights, after which the truck swerved across a lane of traffic and into the median. The truck returned to the roadway and sped through several intersections, despite Trooper Lininger activating his siren and using a spotlight on the truck. The truck swerved repeatedly, driving over sidewalks and curbs, before accelerating to 85 and 95 miles per hour. The truck failed to stop at intersections where the red stop-light was activated

1

and other traffic was present, and eventually merged onto Interstate 90, traveling in excess of 110 miles per hour. After crossing into the state of Washington, the truck exited the interstate near Liberty Lake and crashed into a parked vehicle. Officers from the Liberty Lake Police Department had assisted in the pursuit of the truck within Washington, and arrested the driver, Madden, following the crash. Madden admitted to consuming one half gallon of vodka and six beers prior to driving the truck, which was stolen. Madden also admitted that he was aware he was being followed by police vehicles because he saw the emergency lights behind him, but wanted to get to his girlfriend's house before he stopped. A blood test showed Madden's blood alcohol content to be 0.21 shortly after the crash.

Madden was charged in Spokane County, Washington, with first degree possession of stolen property and attempt to elude a police vehicle. With respect to the attempt to elude, the information stated,

> [t]hat the defendant, Tyson E. Madden, in the State of Washington, on or about May 27, 2006, did willfully fail and refuse to immediately bring his vehicle to a stop and did drive his vehicle in a reckless manner while attempting to elude a pursuing police vehicle after being given a visual or audible signal to bring the vehicle to a stop by a uniformed law enforcement officer with the Liberty Lake Police Department, whose vehicle was equipped with lights and sirens.

Madden entered guilty pleas to both charges on July 14, 2006. During the course of Madden's criminal case in Washington, charges were also brought against him in Idaho. The first complaint was filed on May 30, 2006, charging Madden with eluding a peace officer, I.C. § 49-1404(2)(a), (b), (c), and/or (d). The felony information, filed August 9, 2006, stated,

> [t]hat the Defendant, Tyson Eugene Madden, on or about the 26th day of May, 2006, in the County of Kootenai, State of Idaho, did operate a motor vehicle, to-wit: a red 1990 Ford Toyota pickup truck on or about north U.S. Highway 95 near Appleway Avenue, Coeur d'Alene, Idaho, and willfully eluded and/or attempted to elude a pursuing police vehicle after being given a visual signal and/or audible signal to stop, and drove his vehicle traveling in excess of thirty (30) miles per hour above the posted speed limit, and/or caused damage to the property of another, or bodily injury to another, and/or drove his vehicle in a manner as to endanger or be likely to endanger the property and/or person of another, and/or left the state of Idaho.

Madden filed a motion to dismiss the Idaho eluding charge on October 5, 2006, on the ground that Idaho Code Section 19-315 prohibits the prosecution. "When an act charged as a public offense, is within the venue of another state, territory, or country, as well as of this state, a conviction or acquittal thereof in the former is a bar to the prosecution or indictment therefore in

2

this state." I.C. § 19-315. Madden asserted that his conviction in Washington for attempting to elude a police vehicle precluded prosecution in Idaho for eluding a peace officer. The district court denied Madden's motion, and he entered a conditional guilty plea to eluding a peace officer and operating a motor vehicle while under the influence of alcohol, I.C. § 18-8004. This appeal followed.

## II.

## DISCUSSION

Madden asserts that the district court erred by denying his motion to dismiss the charge of eluding a peace officer. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001).

There is a severe paucity of case-law interpreting or applying I.C. § 19-315. This Court recently considered the applicability of the statute where federal charges were brought prior to related state charges. In *Cook v. State*, 145 Idaho 482, 180 P.3d 521 (Ct. App. 2008), Cook moved to set aside his Idaho conviction due to a preceding federal conviction for the same acts. The federal indictment alleged seventeen counts of fraud all relating to victims in Wyoming and Utah. The charges were very specific, listing each victim by name and address, and identifying the transportation of monies between Wyoming and Utah only. Although the recitation of facts in the federal case mentioned related activities in Idaho, none of the federal charges identified an

3

Idaho victim, nor did the passing reference to Idaho crimes suffice for an indictment of activities within the state. *Id.* at 491, 180 P.3d at 530. Cook's federal conviction did not cover the same acts as the state charges, and therefore, I.C. § 19-315 did not prevent Cook's state prosecution for fraudulent activities in Idaho that arose from the same scheme as the federal charges. *Id.*

As *Cook* demonstrates, I.C. § 19-315 applies very specifically to the act that gives rise to criminal charges, and not to the actual charges filed. Furthermore, the act must be within the venue of both Idaho and another state or federal territory. In *Cook*, the acts charged criminally were not the same in the federal case and the state case. Here, the elements of the two crimes are similar, and use much of the same language, but this does not lead to the conclusion that both crimes arise from the same act. Not only are the acts not the same, the act of eluding a police officer in Idaho is not within the venue of any other state or federal territory.

The California Court of Appeals recently decided a case with facts very similar to the facts here. In *People v. Bellacosa*, 54 Cal. Rptr. 3d 691 (Cal. Ct. App. 2007), officers attempted to stop a vehicle being operated at night without headlights and swerving across traffic. Bellacosa led officers on a high-speed chase into Nevada, eventually crashing his car. He pled guilty to driving while under the influence and attempting to evade a police officer in Nevada, and was subsequently arraigned in California for driving under the influence and evading a police officer. California Penal Code section 793 directs that "[w]hen an act charged as a public offense is within the jurisdiction of the United States, or of another state or territory of the United States, as well as of this state, a conviction or acquittal thereof in that other jurisdiction is a bar to the prosecution or indictment in this state."[1] Thus, the court addressed the question of whether eluding officers in two different states constituted a single act over which both states had simultaneous jurisdiction.

> [I]n considering whether a California prosecution is barred by a prior conviction or acquittal in another jurisdiction, courts look solely to the physical acts that are necessary for conviction in each jurisdiction. If proof of the same physical act or acts is required in each jurisdiction, then the California prosecution is barred. If, however, the offenses require proof of different physical acts, then the California

---

[1] There are four states, including California, which have a statute that is nearly identical to I.C. § 19-315. The only difference is that Idaho uses the word venue, while the four other states all use the word jurisdiction. *See* CAL. PENAL CODE § 793; NEV. REV. STAT. § 171.070; N.D. CENT. CODE § 29-03-13; OKLA. STAT. tit. 22, § 130. Of the four states, only California has addressed a factual situation similar to the case at hand.

prosecution is not barred even though some of the elements of the offenses may overlap.

. . . .

Here, it is evident the physical acts defendant committed in California are not the same physical acts he committed in Nevada. In California, he drove while under the influence of alcohol and in a dangerous manner while evading a pursuing California peace officer. His California crimes were complete, and came to an end, when he entered Nevada. In Nevada, he drove while intoxicated and tried to elude pursuing Nevada peace officers. Those offenses did not begin until he left California, thus terminating his conduct in California. Defendant's actions in California would be neither necessary nor sufficient to prove his Nevada offenses. His actions in Nevada would be neither necessary nor sufficient to prove his California offenses.

*Bellacosa*, 54 Cal. Rptr. 3d at 694, 697.

The act complained of in the instant case was Madden driving a vehicle in Kootenai County, Idaho, and refusing to stop after being given visual and auditory signals to stop by an Idaho State Police trooper. Madden drove in excess of thirty miles per hour above the posted speed limit in a manner likely to endanger the property or person of another, eventually leaving the state of Idaho. This act was complete when he crossed the border into Washington. The act complained of in the Washington case was Madden willfully failing to immediately stop his vehicle and driving in a reckless manner after being given visual and audible signals to stop by a uniformed law enforcement officer with the Liberty Lake Police Department. This act did not begin until he left the state of Idaho and entered the state of Washington. Although both acts evolved from a continuing course of conduct, Madden did not commit a single act that was simultaneously within the venue of Idaho and Washington.[2] *See Bellacosa*, 54 Cal. Rptr. 3d at 697. Instead, Madden acted in Idaho, followed by action in Washington. The acts in Idaho would not constitute a public offense in Washington, and vice versa. *See id.*

Idaho Code Section 19-315 does not preclude Madden's prosecution in Idaho for eluding a peace officer. The act which gave rise to that charge was not the same act for which Madden was convicted in Washington. Furthermore, the act in Idaho was not within the venue of Washington; it was within the exclusive venue of Idaho when committed. Idaho Code Section

---

[2] A person is "liable to punishment by the laws of this state, for a public offense committed by him therein." I.C. § 19-301. Thus, venue exists in Idaho only if a public offense was committed within Idaho. There is no venue in Idaho for an act committed outside the state.

19-315, as written, prohibits a course of conduct rule for application of a prior conviction or acquittal defense.

## III.

## CONCLUSION

The district court did not err by denying Madden's motion to dismiss the charge of eluding a peace officer. Prosecution was not precluded by I.C. § 19-315 because the act which was the basis for the charge in Idaho was not the same act which gave rise to charges in Washington, and at no time did the two states share venue over an act which was charged as a public offense. The order of the district court denying Madden's motion to dismiss is affirmed.

Chief Judge LANSING and Judge GRATTON **CONCUR**.