[No. 40599-3-I.    Division One.    May 3, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. CHERYL L.
SHABEL, *Appellant*.

*Christopher Gibson* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Laura D. Hayes, Deputy*, for respondent.

PER CURIAM — When a statute provides that a crime may be committed by more than one means, the charging document may charge the accused under one or all of the alternative means. A charging document that charges under more than one statutory alternative is constitutionally sufficient if it includes all the essential elements of the crime under one of the alternatives. Substantial evidence must also support a conviction under that alternative. Under RCW 46.61.502, the crime of driving under the influ-

ence (DUI) can be committed by three alternative means. The charging document in this case sets forth all the essential elements of DUI under one of the three statutory alternatives, and substantial evidence supports a conviction under that alternative. We therefore affirm.

## FACTS

On July 10, 1996, a police officer approached appellant Cheryl Shabel as she was seated inside her automobile in Bellingham, Whatcom County. The officer saw Shabel drink from a can of beer, observed two additional empty beer cans inside the vehicle, and smelled the odor of intoxicants emanating from the car. Soon after the officer approached her, Shabel fled in her car. A short time later, at approximately 9:37 P.M., she was seen driving onto a sidewalk and around road barriers onto a closed portion of roadway. Shabel eluded a pursuing police officer and eventually abandoned her car at the end of a road.

At 10:06 P.M., officers found Shabel in a wooded area near her abandoned automobile. Her breath gave off a strong odor of intoxicants and she appeared to be under the influence of intoxicants. Breathalyzer tests given at 11:54 P.M. and 11:58 P.M., more than two hours after Shabel had been seen driving, registered .141 and .132 grams of alcohol per 210 liters of breath.

Shabel was charged by information filed in Whatcom County Superior Court with attempting to elude a pursuing police vehicle, driving under the influence, and driving without a valid license. At a bench trial, the court found Shabel guilty as charged on all counts. Shabel appeals the DUI conviction.

## ANALYSIS

Shabel challenges her DUI conviction on the basis that the information failed to inform her adequately of the nature and cause of the charges against her, in violation of

her federal[1] and state[2] constitutional rights. She argues that the information was deficient, because it failed to include all the essential elements of the crime of DUI.

■ All essential elements of an alleged crime must be included in the charging document. *State v. Kjorsvik*, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). The purpose of this rule is to safeguard an accused's constitutional rights by giving her adequate notice of the allegations so that she can prepare a proper defense. *Id.*

■ ■ A challenge to the constitutional sufficiency of a charging document may be raised initially on appeal, as it was in this case. *Id.* at 102. In a post-verdict challenge, the appropriate question is: (1) do the necessary elements appear in any form, or by fair construction can they be found, in the charging document; and (2) if the elements are present but the language is vague, can the defendant show that he or she was actually prejudiced by the inartful language that caused the lack of notice? *Id.* at 105-06.

At the time of Shabel's arrest, the crime of DUI was defined by statute as follows:

(1) A person is guilty of driving while under the influence of intoxicating liquor or any drug if the person drives a vehicle within this state:

(a) And the person has, within two hours after driving, an alcohol concentration of 0.10 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or

(b) While the person is under the influence of or affected by intoxicating liquor or any drug; or

(c) While the person is under the combined influence of or affected by intoxicating liquor and any drug.

RCW 46.61.502.

---

[1] "In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation . . . ." U.S. CONST. amend. VI.

[2] "In criminal prosecutions the accused shall have the right to . . . demand the nature and cause of the accusation against him . . . ." CONST. art. I, § 22 (amended 1922).

The statute sets forth three alternative means of committing the offense, (1)(a), (1)(b), or (1)(c). Each of these alternatives has two statutory elements: (1) driving a vehicle within the state, and (2) either (a) having an alcohol concentration of .10 or greater within two hours after driving, (b) being under the influence of alcohol or drugs while driving, or (c) being under the influence of a combination of alcohol and drugs while driving.

█ In addition to the statutory elements, alternative (1)(a) has an "implied element." To convict a defendant under this alternative, the state must prove that an amount of alcohol sufficient to cause a measurement of the defendant's breath or blood to register 0.10 percent or greater within two hours of driving was present in the defendant's system *while he or she was driving. State v. Crediford,* 130 Wn.2d 747, 755, 927 P.2d 1129 (1996); *City of Seattle v. Norby,* 88 Wn. App. 545, 552, 945 P.2d 269 (1997).

The charging document in the present case indicated the charge of DUI as follows:

[O]n or about July 10, 1996, the said defendant, CHERYL L. SHABEL, then and there being in said county and state, did drive a motor vehicle while under the influence of or affected by intoxicating liquor or any drug, or having .10 or more grams of alcohol per 210 liters of breath within two hours after driving, or while under the combined influence of or affected by intoxicating liquor and any drug, in violation of RCW 46.61.502, which violation is a Gross Misdemeanor[.]

Notably, the charging document does not contain the "implied element" required for conviction under RCW 46.61.502(1)(a).

Shabel argues that because the charging document does not contain the "implied element," it is fatally deficient. We disagree.

*State v. Kjorsvik* requires the state to include all essential elements of an alleged crime in the charging document. *Kjorsvik,* 117 Wn.2d 93, 102, 812 P.2d 86 (1991). Despite

the omission of the "implied element," we do not view *Kjorsvik* as requiring a reversal in this case.

If a statute provides that a crime may be committed by alternative means, the state may charge the accused under one or all of the alternatives, provided that the alternatives are not repugnant to each other. *State v. Noltie*, 116 Wn.2d 831, 842, 809 P.2d 190 (1991); *State v. Bray*, 52 Wn. App. 30, 34, 756 P.2d 1332 (1988). We hold that if a charging document charges under more than one statutory alternative, it is constitutionally sufficient if it includes all the essential elements of the crime under one of the alternatives. The conviction will stand if substantial evidence supports a conviction under that given alternative.

The charging document in this case apprised Shabel of all the essential elements of the crime of DUI. The information charged Shabel under all three statutory alternatives enumerated in RCW 46.61.502. The essential elements of the crime under statutory alternative (1)(b) are: (1) that the accused drove a vehicle within the state, (b) while under the influence of alcohol or drugs. These two elements are contained in the charging document here.

Furthermore, substantial evidence supports Shabel's conviction under RCW 46.61.502(1)(b). That evidence includes the reports of Shabel's erratic driving, the police officer's observations that Shabel was drinking from a beer can and smelled of alcohol before driving, and the odor of alcohol on Shabel's breath and her intoxicated behavior when she was found soon after abandoning her automobile.

Shabel cannot show prejudice from the omission of the "implied element" required for conviction under RCW 46.61.502(1)(a). We therefore affirm.

Reconsideration denied June 8, 1999.

Review denied at 139 Wn.2d 1006 (1999).