214 P.3d 130 (2009)
STATE of Washington, Respondent,
v.
Santiago RIVERA-SANTOS, Petitioner.
No. 81445-7.
Supreme Court of Washington, En Banc.
Argued May 12, 2009.
Decided August 20, 2009.
Anthony James Lowe, Attorney at Law, Portland, OR, for Petitioner.
Clark County Prosecutor's Office, John Peterson, Vancouver, WA, for Respondent.
FAIRHURST, J.
¶ 1 Santiago Rivera-Santos allegedly drove a motor vehicle under the influence of alcohol from southern Washington into northern Oregon on January 12, 2007. Oregon convicted Rivera-Santos of driving while under the influence of intoxicants (DUII) pursuant to Oregon Revised Statutes (ORS) 813.010. Having already been convicted of DUII in Oregon, Rivera-Santos argues that Washington's double jeopardy statute, RCW 10.43.040, bars Washington from prosecuting him for driving a motor vehicle under the influence of alcohol (DUI), RCW 46.61.502, in Washington. We disagree.

I. FACTUAL AND PROCEDURAL HISTORY
¶ 2 On January 12, 2007, at approximately 11:24 p.m., a motorist called Washington State Patrol (WSP) communications to report the driver of a black 2007 Chevrolet Tahoe was driving erratically on northbound Interstate-5 (I-5) on the Washington side of the bridge between Washington and Oregon. The witness observed the Tahoe take the exit *131 to eastbound State Route (SR) 500, stop at a traffic signal, make an illegal U-turn from the right-hand lane onto westbound SR 500, take off at a high rate of speed, and continue onto I-5 southbound. The witness reported the Tahoe then stopped and then started again in the middle of I-5 and that the Tahoe was using all lanes of southbound I-5.
¶ 3 By the time WSP troopers caught sight of the Tahoe, it was just south of the interstate bridge. WSP troopers reported observing the Tahoe swerving from right to left as it traveled on I-5. The Tahoe exited at North Interstate Avenue. After traveling one fourth of a mile, the Tahoe stopped abruptly in the middle of the road for 15 seconds before moving again. WSP troopers observed the Tahoe continue to swerve erratically, crossing the center line several times, and at one point driving onto the curb.
¶ 4 At the request of WSP, Portland Police Bureau (PPB) joined the pursuit and stopped the Tahoe at 11:45 p.m. WSP observed the driver, identified as Rivera-Santos, having difficulty with coordination and with complying with PPB orders. PPB arrested Rivera-Santos and charged him with DUII, reckless driving, and failure to yield to an emergency vehicle. The PPB field sobriety report states Rivera-Santos was too impaired to stand without assistance. At approximately 12:32 a.m. on January 13, 2007, PPB administered a breath test. According to the test, Rivera-Santos had a blood alcohol level of .17 percent. Rivera-Santos was convicted of DUII by an Oregon court in March 2007.
¶ 5 WSP cited Rivera-Santos for DUI in violation of RCW 46.61.502. Rivera-Santos filed a motion to dismiss in Clark County District Court, arguing prosecution by the state of Washington was barred by constitutional and statutory double jeopardy. At an August 15, 2007 hearing, the district court granted Rivera-Santos' motion based solely on statutory double jeopardy under RCW 10.43.040.
¶ 6 The State filed an appeal in Clark County Superior Court. The State argued RCW 10.43.040 does not bar subsequent prosecution because the prosecutions by Washington and Oregon are based upon separate acts, i.e., driving while intoxicated on Washington roadways and driving while intoxicated on Oregon roadways. The superior court agreed, ruling, "[t]he Defendant's act of driving under the influence of alcohol while in the State of Oregon on January 12, 2007 is a separate act for purposes of RCW 10.43.040." Clerk's Papers at 83. We granted Rivera-Santos' motion for direct discretionary review.

II. ISSUE
Whether RCW 10.43.040 bars prosecution of a defendant for DUI where the defendant has been previously convicted of driving while intoxicated in another state based upon charges arising out of the same course of conduct.

III. ANALYSIS
¶ 7 The federal constitution does not bar subsequent prosecutions by different sovereigns. State v. Caliguri, 99 Wash.2d 501, 511, 664 P.2d 466 (1983) (citing United States v. Wheeler, 435 U.S. 313, 316-17, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978)). States may elect, however, to provide greater protections from double jeopardy. Id. (citing Bartkus v. Illinois, 359 U.S. 121, 138, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959)). Washington has done so. RCW 10.43.040 provides:
Whenever, upon the trial of any person for a crime, it appears that the offense was committed in another state or country, under such circumstances that the courts of this state had jurisdiction thereof, and that the defendant has already been acquitted or convicted upon the merits, in a judicial proceeding conducted under the criminal laws of such state or country, founded upon the act or omission with respect to which he is upon trial, such former acquittal or conviction is a sufficient defense.
¶ 8 Rivera-Santos argues RCW 10.43.040 bars prosecution of his DUI offense because it is founded upon the same act or omission that formed the basis of his DUII conviction in Oregon. The meaning of RCW 10.43.040 is a question of law we review de novo. State v. Breazeale, 144 Wash.2d 829, 837, 31 P.3d 1155 (2001).
*132 ¶ 9 Only one Washington case has addressed RCW 10.43.040 in the context of DUI. State v. Ivie, 136 Wash.2d 173, 961 P.2d 941 (1998). In that case, separate defendants were stopped for drunk driving in Kitsap County. Prior to appearing in Kitsap County District Court, each defendant was convicted of DUI by a military tribunal. Id. at 175-76, 961 P.2d 941. The DUI charges brought by Kitsap County were dismissed under RCW 10.43.040 because the defendants had already been convicted in another jurisdiction (the military tribunal) for the same act of DUI.
¶ 10 Ivie is not analogous to the present case. The defendants in Ivie were in jeopardy of prosecution by both the State and the military tribunal based only on their drunk driving in Kitsap County. In contrast, the present case involves alleged illegal conduct that took place in two separate jurisdictions, Washington and Oregon. Rivera-Santos was convicted of DUII in Oregon for his conduct in Oregon and now faces DUI charges in Washington for his conduct in Washington.
¶ 11 The essential elements of DUII in Oregon are (1) driving a vehicle, (2) while intoxicated, (3) on any premises open to the public. ORS 813.010; State v. Rawleigh, 222 Or.App. 121, 126, 192 P.3d 292 (2008). The requirement that conduct, condition, and location converge in time make DUII (and DUI) a continuous crime that is complete at each moment that convergence exists. The requirement that the elements of DUII occur simultaneously required Oregon to prove that Rivera-Santos was driving while intoxicated at a specific place and time on any premises open to the public. That premises was North Interstate Avenue in Portland, Oregon. No part of Rivera-Santos' Oregon crime occurred in Washington. Therefore, Rivera-Santos' Oregon offense was not committed "under such circumstances that the courts of [Washington] had jurisdiction thereof." RCW 10.43.040.
¶ 12 Similarly, the essential elements of DUI in Washington are that (1) the accused drove a vehicle "within this state" (2) while either (a) having an alcohol concentration of 0.08 or higher within two hours after driving, (b) being under the influence of any intoxicating liquor or drug, or (c) being under the influence of a combination of intoxicating liquor or any drug. RCW 46.61.502(1); State v. Shabel, 95 Wash.App. 469, 474, 976 P.2d 153 (1999). Here, because RCW 46.61.502(1) requires that the driving in question be within the boundaries of Washington, the fact that Rivera-Santos also drove while intoxicated in Oregon is irrelevant to whether he did so in Washington. Rivera-Santos' alleged Washington DUI is not an "offense ... committed in another state or country" as required by RCW 10.43.040.
¶ 13 Rivera-Santos' Oregon DUII was not committed "under such circumstances that the courts of [Washington] had jurisdiction thereof" and his alleged Washington DUI is not an "offense ... committed in another state or country." Id. Accordingly, RCW 10.43.040 does not bar Rivera-Santos' prosecution for DUI in Washington even though he has been separately convicted of DUII in Oregon.
¶ 14 Other states apply their double jeopardy statutes to interstate DUI similarly. For example, in Commonwealth v. Stephenson, 82 S.W.3d 876, 878-79 (Ky.2002), the defendant drove drunk from Kentucky into Indiana and was charged with DUI in both states. In analyzing Kentucky's double jeopardy statute, the court concluded,
[t]he fact that [defendant] committed the same or a similar criminal offense in both states during one trip behind the wheel is inconsequential  Indiana did not seek to punish [defendant] for his criminal conduct within the territorial jurisdiction of Kentucky and Kentucky does not seek to punish [defendant] for his criminal conduct within the territorial jurisdiction of Indiana.
Id. at 883 (emphasis omitted); see also State v. Russell, 229 Kan. 124, 131, 622 P.2d 658 (1981) (holding statutory double jeopardy does not bar prosecution for DUI in Kansas where defendant pleaded guilty to DUI charge arising out of same course of conduct in Missouri); People v. Bellacosa, 147 Cal. App.4th 868, 877-78, 54 Cal.Rptr.3d 691 (2007) (holding prosecution not barred by Nevada conviction for DUI and evading police *133 because physical acts committed in California were not the same acts for which defendant was prosecuted in Nevada).

IV. CONCLUSION
¶ 15 Rivera-Santos' conviction for DUII in Oregon does not preclude his prosecution for DUI in Washington even though both alleged offenses were committed during the same trip behind the wheel. No part of Rivera-Santos' alleged Washington DUI was committed "in another state or country," and his Oregon DUII was not committed "under such circumstances that the courts of this state had jurisdiction thereof." RCW 10.43.040. RCW 10.43.040 does not bar Washington from prosecuting Rivera-Santos for DUI. We affirm the superior court.
WE CONCUR: ALEXANDER, C.J., C. JOHNSON, MADSEN, SANDERS, CHAMBERS, OWENS, J. JOHNSON, and STEPHENS, JJ.