# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) ) | No. 71937-8-I |
| v. | ) ) | UNPUBLISHED OPINION |
| MUSTAF MOHAMED AHMED, | ) ) | |
| Appellant. | ) ) | FILED: June 29, 2015 |

2015 JUN 29 AM 10: 00
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

DWYER, J. — Mustaf Ahmed appeals from the judgment entered on a jury's verdict finding him guilty of felony driving under the influence.[1] Ahmed contends that insufficient evidence was adduced at trial as to each of the charged alternative means of committing the crime, as was necessary to ensure jury unanimity in the absence of a particularized expression of unanimity from the jury.[2] Ahmed's contention is based on the premise that one of the means charged—driving while "under the influence of or affected by intoxicating liquor or a drug"—represents, in actuality, two alternative means. We reject Ahmed's assertion and conclude that sufficient evidence was adduced at trial to support each alternative means charged. Consequently, we affirm.

---

[1] Ahmed was also charged with, and convicted of, driving while license suspended/revoked in the first degree. He does not appeal from that conviction.

[2] Such a particularized expression of unanimity is guaranteed when the jury is instructed that it must be unanimous as to which means it finds proved. No such instruction was given to Ahmed's jury.

I

Washington State Patrol Trooper Adam Gruener observed Ahmed driving a motor vehicle at a rate of 80 miles per hour in a 60 miles per hour zone. Ahmed's vehicle drifted over the fog line of the shoulder by approximately one tire's width before coming back into the lane of travel, at which point Gruener, who was following Ahmed's vehicle, activated his patrol car's emergency lights. Ahmed, however, did not slow down, did not brake, and did not respond at all; rather, he continued driving on the freeway at 80 miles per hour for 15 seconds. Eventually, Ahmed's vehicle exited the freeway and, despite other vehicles pulling over in recognition of Gruener's presence, continued along surface streets for 20 to 30 seconds before Ahmed finally stopped his vehicle approximately one-half mile from the freeway. Upon approaching Ahmed's vehicle, Gruener observed that Ahmed's eyes were bloodshot and watery, that he was sweating profusely, and that h is speech was slurred. Gruener further noticed both a strong odor of alcohol emanating from Ahmed's vehicle and an open can of beer behind the passenger's seat. Ahmed was then arrested.

When Gruener took Ahmed to the hospital to have his blood drawn Ahmed admitted to drinking, telling Gruener, "I know I fucked up, I shouldn't have been driving." An analysis of Ahmed's blood revealed an ethanol level of 0.073 and a THC level of 3.4 nanograms per milliliter. Later, at trial, forensic toxicologist Sarah Swenson testified that, in her opinion, based on the other evidence presented, Ahmed's behavior was "consistent with someone who is under the influence of alcohol and/or drugs."

Ahmed was charged by information with one count of felony driving under the influence pursuant to subsections (c) and (d) of RCW 46.61.502(1). These provisions are as follows:

> (1) A person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state:
>
> . . .
>
> (c) While the person is under the influence of or affected by intoxicating liquor, marijuana, or any drug; or
> (d) While the person is under the combined influence of or affected by intoxicating liquor, marijuana, and any drug.

The jury returned a guilty verdict.[3] Ahmed was sentenced to 15 months of incarceration, 12 months of community custody, and ordered to pay various amounts of fines and assessments.

## II

Ahmed contends that his right to a unanimous jury verdict was violated. This is so, he asserts, because the jury did not specify which of the charged means supported its verdict, and the State failed to adduce sufficient evidence as to one of the means. We disagree.

In Washington, a criminal defendant is entitled to a unanimous jury verdict. WASH. CONST. art. I, § 21; State v. Stephens, 93 Wn.2d 186, 190, 607 P.2d 304 (1980) (citing State v. Badda, 63 Wn.2d 176, 385 P.2d 859 (1963)).

> This right may also include the right to a unanimous jury determination as to the *means* by which the defendant committed the crime when the defendant is charged with (and the jury is instructed on) an alternative means crime. In reviewing this type of challenge, courts apply the rule that when there is sufficient evidence to support each of the alternative means of committing

---

[3] The jury also found that Ahmed had the requisite predicate criminal history necessary to elevate the DUI from a gross misdemeanor to a felony. This aspect of the case is not at issue on appeal.

the crime, express jury unanimity as to which means is not required. If, however, there is insufficient evidence to support any means, a particularized expression of jury unanimity is required.

State v. Owens, 180 Wn.2d 90, 95, 323 P.3d 1030 (2014);[4] accord State v.

Ortega-Martinez, 124 Wn.2d 702, 707-08, 881 P.2d 231 (1994); In re Pers.

Restraint of Jeffries, 110 Wn.2d 326, 339-40, 752 P.2d 1338 (1988); State v.

Whitney, 108 Wn.2d 506, 507, 739 P.2d 1150 (1987); State v. Arndt, 87 Wn.2d.

374, 377, 553 P.2d 1328 (1976).

The alternative means of committing the offense of driving under the

influence are set forth by the subsections of RCW 46.61.502(1). State v. Franco,

96 Wn.2d 816, 829, 639 P.2d 1320 (1982); State v. Shabel, 95 Wn. App. 469,

473, 976 P.2d 153 (1999).

> (1) A person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state:
> (a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or
> (b) The person has, within two hours after driving, a THC concentration of 5.00 or higher as shown by analysis of the person's blood made under RCW 46.61.506; or
> (c) While the person is under the influence of or affected by intoxicating liquor, marijuana, or any drug; or
> (d) While the person is under the combined influence of or affected by intoxicating liquor, marijuana, and any drug.

RCW 46.61.502.

---

[4] Washington law differs from federal law in this regard. In federal prosecutions, "jury unanimity is not required as to the means by which a defendant commits a crime, regardless of whether there is sufficient evidence to support each of the alternative means." Owens, 180 Wn.2d at 95 n.2.

Ahmed was charged pursuant to RCW 46.61.502(1)(c) and (d).[5] The to-convict instruction given to the jury, provided, in pertinent part:

> (2) That the defendant at the time of driving a motor vehicle
>     (a) was under the influence of or affected by intoxicating liquor or a drug; or
>     (b) was under the combined influence of or affected by intoxicating liquor and a drug.

Jury Instruction 9.

Ahmed contends that the phrase, "was under the influence of or affected by intoxicating liquor or a drug," sets forth two alternative means of violating the statute and, consequently, the State must submit sufficient evidence of each in order to authorize the jury's verdict. We disagree. Previously, faced with the same argument, we stated, "[t]he Washington Supreme Court has rejected the application of this doctrine [requiring sufficient evidence on each alternative means] to 'means within means.'" State v. Al-Hamdani, 109 Wn. App. 599, 604, 36 P.3d 1103 (2001) (citing Jeffries, 110 Wn.2d at 339). Thus, while there may be alternative means of committing an offense, there is no such thing as "means within means." Accordingly, the phrase, "was under the influence of or affected by intoxicating liquor or a drug," sets forth a single alternative means of

---

[5] Prior to December 6, 2012, RCW 46.61.502(1)(b) and (c) read "[w]hile the person is under the influence of or affected by intoxicating liquor or any drug," and "[w]hile the person is under the combined influence of or affected by intoxicating liquor and any drug." The legislature amended the statute on November 6, 2012 and added the "per se" legal limit for THC in recodified subsection (1)(b), and added the specific references to marijuana in recodified subsections (1)(c) and (1)(d). LAWS OF 2013, Ch.3, § 33. Although Ahmed's offense occurred in 2013, the information and jury instructions did not specifically reference "marijuana." This had no practical effect on Ahmed's prosecution because marijuana is a "drug" as that term is defined in RCW 46.61.540.

committing the offense for which sufficient evidence must be adduced to authorize the jury's verdict.[6]

III

The due process clauses of the federal and state constitutions, U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3, require that the State prove each element of a crime beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.

A claim of evidentiary insufficiency admits the truth of the State's evidence and all reasonable inferences from that evidence. State v. Kintz, 169 Wn.2d 537, 551, 238 P.3d 470 (2010); State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial evidence and direct evidence can be equally reliable.

---

[6] Thus, pursuant to subsection (c), the State may secure a conviction by proving that the defendant drove a vehicle while under the influence of intoxicating liquor *or* while under the influence of marijuana *or* while under the influence of any drug. The statute uses the word "or" in its inclusive disjunctive sense, see Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 528, 243 P.3d 1283 (2010); E. Allan Farnsworth, "Dmeaning" in the Law of Contracts, 76 Yale L.J. 939, 955 (1967), not in its exclusive disjunctive sense, as urged by Ahmed. Thus, the prosecution may prove one option without the necessity of disproving all other options.

State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the jury on questions of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. State v. Killingsworth, 166 Wn. App. 283, 287, 269 P.3d 1064 (2012).

When viewed in the light most favorable to the State, sufficient evidence was adduced to support a jury finding that Ahmed drove while "under the influence of or affected by intoxicating liquor" as set forth in Jury Instruction 9, element (2)(a). Trooper Gruener observed Ahmed driving faster than the speed limit and drifting out of the lane of travel. When Gruener pulled Ahmed over, he noted that Ahmed had watery, bloodshot eyes, and slurred his speech. Additionally, Gruener smelled an odor of alcohol emanating from both the vehicle and Ahmed himself, and there was an open container of alcohol in Ahmed's vehicle. Ahmed admitted to Gruener that he had been drinking, and that he had "fucked up" and "shouldn't have been driving." His blood contained ethanol at a level of 0.073. Further, the forensic toxicologist testified that, in her opinion, Ahmed's behavior was "consistent with someone who is under the influence of *alcohol* and/or drugs." (Emphasis added.) Viewing the evidence and all inferences therefrom in the light most favorable to the State, a rational trier of fact could have found that Ahmed "was under the influence of or affected by intoxicating liquor." Accordingly, sufficient evidence was adduced at Ahmed's trial to support the alternative means of driving while "under the influence of or

affected by intoxicating liquor or a drug," as set forth in Jury Instruction 9, element 2(a).[7]

Sufficient evidence was also adduced to support a jury finding that Ahmed drove while "under the combined influence of or affected by intoxicating liquor and a drug," as set forth in Jury Instruction 9, element (2)(b). The evidence presented to the jury, as explicated above, is sufficient to support a finding that intoxicating liquor contributed to Ahmed being "under the combined influence of or affected by intoxicating liquor and a drug." As to the effect of a drug, evidence was presented that Ahmed was "under the influence of or affected by" marijuana, which is a drug. Ahmed took 35 to 45 seconds to stop his vehicle after Gruener activated his emergency lights, thus exhibiting time and space distortion, which forensic toxicologist Swenson testified is an effect of "marijuana . . . [and] not something you would normally see with ethanol." Further, a test of Ahmed's blood revealed that it contained substantial amounts of THC, and the forensic toxicologist testified that, in her opinion, the indicators of impairment displayed by Ahmed were "consistent with someone who is under the influence of alcohol *and*/or drugs." (Emphasis added.) Accordingly, sufficient evidence was adduced at trial to support the alternative means of driving while "under the combined influence of intoxicating liquor and a drug."

---

[7] Although not necessary for an affirmance, a rational juror could also have concluded that Ahmed drove while under the influence of a drug. Ahmed drove poorly, as described above. He took 35 to 45 seconds to stop his vehicle after Gruener activated his emergency lights, thus exhibiting time and space distortion, which forensic toxicologist Swenson testified is an effect of "marijuana . . . [and] not something you would normally see with ethanol." Additionally, Ahmed's blood contained 3.4 nanograms of THC per milliliter, which is near the legal limit, and expert testimony established that an individual can be impaired below the legal limit. That same forensic toxicologist testified that, in her opinion, the indicators of impairment displayed by Ahmed were "consistent with someone who is under the influence of alcohol and/or *drugs*." (Emphasis added.)

Affirmed.

We concur:

_Trickey, J_

_Dwyer, J_

_Leach, J._